Eugene LEATH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13572.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1965.

Carl A. Rizley, Sayre, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, hereinafter referred to as defendant, was charged by information filed in the district court of Washita County, Oklahoma with the crime of embezzlement; was tried to a jury, convicted and sentenced to serve one year in the State Penitentiary. Appeal has been perfected to this Court.

This case was assigned for oral argument before the Court for November 18, 1964. No briefs were filed and the attorney for defendant made no appearance on said date. The case was again assigned for oral argument for December 16, 1964. No briefs having been filed, and no appearance being made on behalf of the defendant, the case was submitted for an opinion on the record.

It has been repeatedly held by this Court that where a defendant appeals from a judgment of conviction and no briefs are filed, and no argument presented, this Court will examine the evidence and ascertain if it supports the verdict, and will make an examination of the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed. Hulsey v. State, 82 Okl.Cr. 332, 169 P.2d 771 and cases cited; O'Quinn v. State, Okl.Cr., 383 P.2d 705; Fryar v. State, Okl.Cr., 385 P.2d 818.

The defendant was the manager of the Washita Co-operative Association, a corporation, in Cordell, Oklahoma, and was charged by information with embezzling the sum of $225.00.

In his motion for new trial, the defendant sets out four assignments of error, as follows:

"1. Irregularity of the proceedings of the court wherein the court refused to grant a motion for change of venue in said cause, by which the defendant was prevented from having a fair and impartial trial.

"2. That the verdict, in said cause, is not sustained by sufficient evidence, or it is contrary to law.

"3. Error of the court in refusing to give the instructions requested by said defendant.

"4. Error of the court in overruling the demurrer to the information and the evidence submitted by the State of Oklahoma."

Virtually the same errors were complained of in the petition in error filed herein.

We have carefully reviewed the record, with particular attention to the assignments of error set out in the motion for new trial.

Defendant filed a motion for change of venue, properly sworn to, and attached thereto the affidavits of three persons, each stating that in his opinion defendant could not receive a fair trial in Washita County.

To his response to this motion, the county attorney attached the affidavits of twelve residents of the county, each stating that he thought defendant could and would receive a fair trial in the county.

Thereafter in a hearing before the court on the motion, the defendant testified that he felt that he could not have a fair trial, and introduced the testimony of five other witnesses, four of whom had signed affidavits that they thought the defendant could obtain a fair trial in Washita County, and who reiterated this belief. The other witness testified concerning a list of stockholders of the corporation, but nothing as to his opinion about the defendant having a fair trial in Washita County. At the close of this hearing, the court made the following statement:

"The Court: The Court would be the first person in the world that would tell you that he wanted this defendant to have a fair trial. The jurors will truthfully answer your questions; they will tell you if they have stock in this Co-operative and are interested in it. I certainly wouldn't leave anyone on the jury who indicated he had an interest.

"The fact that we just have one jury term a year it is imperative that we try the cases that come to issue in the past twelve months.

"The Court will overrule the motion for change of venue.

"Mr. Rizley: The defendant will except to the ruling of the Court."

This Court has consistently held that the granting or refusing of a change of venue is a matter resting with the sound discretion of the trial court, to be disposed of in furtherance of substantial justice; and that the action of the trial court will not be disturbed unless it is an abuse of discretion.

In the case of Fry v. State, 91 Okl.Cr. 326, 218 P.2d 643 this Court said:

"The presumption of law is that a defendant can get a fair and impartial trial in the county in which the offense was committed; and if this is not true, the burden is upon the defendant who seeks a change of venue to establish his right thereto.

"On a motion for a change of venue, if upon the examination of the affidavits and counter-affidavits, and the examination of the witnesses in support of the application in open court, the court is convinced that a fair and impartial trial cannot be had in the county, then and under those conditions it is mandatory that he grant a change of venue, but not otherwise. He sits in judgment on that question just as any other question of fact that might be submitted to him, and unless it is clear that he has abused his discretion, or committed error in his judgment, his finding and judgment will not be disturbed by this court."

And see Abby v. State, 72 Okl.Cr. 208, 114 P.2d 499, 115 P.2d 266; Pate v. State, Okl.Cr., 361 P.2d 1086, and cases cited.

We conclude that the trial court did not abuse its discretion in denying the motion for change of venue.

We note that the defendant exercised only two of his peremptory challenges, and waived the remaining three.

As to defendant's second assignment of error, it is our opinion that the verdict of the jury is amply sustained by the evidence, and that it is in keeping with the laws of this State.

Defendant's third contention of error is that the court refused to give the instructions requested.

Defendant submitted three instructions, and after a careful consideration of the instructions given, it is our opinion that the substance of the three requested instructions were amply covered by the instructions given, and that the court did not commit error in refusing to give such requested instructions. Lyles v. State, Okl. Cr., 330 P.2d 734.

Defendant's fourth contention is that the court erred in overruling the demurrer to the information, and to the evidence submitted by the State.

Defendant filed a demurrer to the information at the proper time, and demurred to the evidence submitted by the State, both of which were overruled by the trial court, and we think properly so.

Finding no fundamental error in the record before us, the judgment and sentence of the district court of Washita County is affirmed.

BUSSEY, P. J., and NIX, J., concur.