**Lloyd Ray METHENY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-15360.**

Court of Criminal Appeals of Oklahoma.

May 26, 1971.

Frank Grayson, Oklahoma City, Trial Atty., for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION ON RE-HEARING

BRETT, Judge:

Lloyd Ray Metheny, plaintiff in error, hereinafter called defendant, was charged in the District Court of Oklahoma County on January 13, 1969, with the crime of Burglary in the Second Degree, After a Former Conviction of a Felony. The information alleged that defendant, on January 13, 1969, had burglarized Leslie's Lumber Yard, located at 2021 Exchange Avenue in Oklahoma City, Oklahoma County. It was also alleged that defendant had been previously convicted of a felony; Receiving Stolen Property, in the District Court of Oklahoma County, Case No. 32503, January 12, 1967.

The defendant was tried by a jury, found guilty and sentenced to ten (10) years in the Oklahoma State Penitentiary on May 2, 1969. Defendant filed a Motion for New Trial which was overruled and gave notice of intention to appeal. He has perfected his appeal to this Court.

Petition in Error was filed with the Clerk of this Court on May 28, 1969; the original record and transcript of evidence was filed with the Clerk on November 3, 1969. No brief has been filed by defendant. On December 22, 1970, the Attorney General filed a Motion to Submit, seeking summary determination and affirmance of defendant's conviction and sentence. On December 29, 1970, this Court entered an order requiring defendant to designate new counsel, following the untimely demise of his trial counsel who perfected his appeal to this Court; with a copy of said order being sent to the bail bondsman for defendant, Mr. Otto Askins. The order directed that the Court would submit this case for decision on January 15, 1971. Records of the Clerk of this Court reflect that new counsel has not been designated, nor has a brief been filed in defendant's behalf. The case has, thus, been assigned for summary decision.

When cases are assigned for summary decision without briefs having been filed, this Court will not act as counsel for defendant, but will carefully search the record, evidence and instructions for fundamental error only.

In reviewing the record, the proof of defendant's former conviction appeared not to have been established beyond defendant's own admission from the witness stand. The information was prepared for a two-stage proceeding, but for the reason the court reporter inadvertently omitted the last four pages of the transcript of testimony, which contained the stipulation of defendant's former conviction, but which was included in defendant's designation of record for appeal, this Court initially modified defendant's ten year sentence. However, in accordance with the rules of this Court, the District Attorney for Oklahoma County timely filed his Petition for Rehearing and produced that portion of the transcript of testimony. That portion of the transcript of testimony clearly reflects that on April 29, 1969, with retained counsel of his own choice defendant stipulated his conviction in District Court Case No. 32503; that in said case, defendant entered a plea of guilty with counsel being present; and that said judgment and sentence was suspended, after which it had not been revoked. Thereafter the court instructed the jury in the second stage of the proceedings; and the jury returned a verdict finding defendant guilty thereof; and assessed his sentence at ten (10) years imprisonment.

Now therefore, after having reviewed this record on two different occasions this Court does not find any fundamental error therein; and the Court further finds: That the defendant's constitutional rights were properly protected; that he was represented by retained counsel of his own choosing, and received a fair trial according to due process; that he has been free on bail pending a determination of this appeal; that both defendant and his bail-bondsman were notified of the Attorney General's Motion to Submit defendant's case for decision; that this Court so ad-

vised both parties that the appeal would be submitted on January 15, 1971, recommending that defendant obtain additional counsel to further assist him in his appeal; and that defendant disregarded such admonition; hence, in· accordance with this Court's decision in Leath v. State, Okl.Cr., 398 P.2d 857 (1965), this Court has no alternative but to allow the District Attorney's petition for rehearing and affirm defendant's conviction and sentence as assessed by the jury.

It is therefore ordered that the judgment and sentence of the District Court of Oklahoma County in Case No. CRF–69–6, imposed on May 2, 1969, in which defendant was convicted for Second Degree Burglary, After Former Conviction of a Felony and was assessed a sentence of ten years confinement under the direction and control of the Department of Corrections is

Affirmed.

BUSSEY, P. J., and NIX, J., concur.