**Scot HENDRICKS, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16756.**

Court of Criminal Appeals of Oklahoma.

May 3, 1972.

Stansell Whiteside, Altus, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Scot Hendricks, hereinafter referred to as defendant, was charged and tried in the District Court of Jackson County, Oklahoma, for the offense of Murder; he was

found guilty of Manslaughter in the First Degree; his punishment was fixed at four (4) years imprisonment, and from said judgment and sentence, an appeal has been perfected to this Court. This cause was lodged in this Court on June 25, 1971. Defendant's brief was due to be filed by June 29, 1971; however, upon defendant's request, defendant was granted an extension of time in which to file his brief until October 1, 1971. No brief was filed, nor was an extension of time in which to file a brief requested thereafter. On December 9, 1971, by Order of this Court, the cause was summarily submitted for opinion in accordance with the rules of this Court.

■ We have consistently held that where the defendant appeals from a judgment of conviction, and no briefs are filed in support of the petition in error, this Court will examine the Records only for fundamental error. If none appears on record, the judgment will be affirmed. Enoch v. Oklahoma City, Okl.Cr., 444 P.2d 856.

■ We have carefully examined the record and reviewed the testimony and petition in error in the instant case and find no fundamental error. The record discloses that defendant was afforded a fair and impartial trial and the evidence was sufficient to support the verdict of the jury. There being no apparent error in the record on appeal, it is the opinion of this Court that the judgment and sentence should be, and the same is hereby, affirmed.

BRETT, Judge (specially concurring).

While I concur in the results of this decision, I would recommend to the district court a suspended sentence for defendant.

Prior to the time judgment and sentence was imposed, 216 citizens signed petitions recommending the defendant for a suspended sentence. The defendant's court appointed counsel did not apply for suspension, but other people did so in defendant's behalf. Consequently, I would instruct the trial judge to consider the defendant for a suspended sentence, under 22 O.S.1971, § 994. In addition, since this trial was completed the court has some two years additional record to consider, with reference to the defendant's behavior.

SIMMS, Judge (specially concurring).

While my learned colleague in his "special concurring opinion" wishes to instruct the trial judge to consider the defendant for a suspended sentence under the provisions of 22 O.S.1971, § 994, he obviously overlooks the basic legal proposition that the trial court is without jurisdiction to even consider the defendant for a suspended sentence until the defendant has requested the same within ten days following the final order of this Court.

What the trial judge in the instant case would decide if such an application were filed can be of no consequence to this Court for the very reason the statute referred to provides any order granting or denying suspension after affirmance of a conviction is a non-appealable order.

I would therefore affirm the conviction and leave the question of probation rest where the Legislature placed it, in the trial court.