James Lewis **POTTS, Jr.,** Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17481.

Court of Criminal Appeals of Oklahoma.

Nov. 1, 1972.

Rehearing Denied Nov. 17, 1972.

Valdhe F. Pitman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, James Lewis Potts Jr., hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Attempted Burglary in the first degree, After Former Conviction of a Felony; his punishment was fixed at a term of forty (40) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

This cause was lodged in this Court on May 25th 1972. The defendant's brief was due to be filed by June 30, 1972; however no brief was filed, nor was an extension for time in which to file brief requested. Thereafter, on August 28, 1972, by order of this Court, the cause was summarily submitted for opinion in accordance with the rules of this Court.

██ We have consistently held that where the defendant appeals from a judgment of conviction and no briefs are filed in support of the petition in error, this Court will examine the records only for fundamental error. If none appears of record, the judgment will be affirmed. Hendricks v. State, Okl.Cr., 497 P.2d 425.

██ We have carefully examined the record and reviewed the testimony and petition in error and find that the evidence, although circumstantial, was overwhelming as to defendant's guilt. We do find that the Assistant District Attorney asked improper questions of the defendant's sole witness, a character witness, which could have no other effect than to prejudice the jury. Reverend Smith testified on direct examination that the defendant was a fine young man and had great possibilities of becoming useful to society. The District Attorney thereupon asked the following improper questions.

"Q. All right. Did you know that he had a *record* again in 1961 for indecent act on a juvenile, did you realize that?

"A. I didn't know anything about that.

"Q. Did you know that in August of 1962 that after being *charged* with the burglary in the first degree he went to jail for thirty days for unlawful entry, did you know that?

"A. I only came here two and half years ago.

* * * * * *

"Q. You didn't know that when he went to the penitentiary for seven years

in 1963 that in November of 1966 only three years later he went back to the penitentiary for a sentence of four years for burglary, did you?" (Tr. 75–76).

■ Because of the improper cross-examination by the Assistant District Attorney, we are of the opinion that justice would best be served by modifying the judgment and sentence to a term of twenty-five (25) years and as so modified that judgment and sentence is affirmed.

BRETT, J., concurs.