Daryl Harley COOK, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A–17552.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1973.

Gerald W. Thomas, Mooreland, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Daryl Harley Cook, was charged, tried by a jury, and convicted in the District Court of Woodward County, Oklahoma, for the offense of Unlawful Delivery of Marihuana; the jury fixed his punishment at a term of four (4) years imprisonment and imposed a fine of Five Hundred Dollars ($500.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

This appeal was lodged in this Court on June 28, 1972, with the filing of the Petition-in-Error, the Original Record, and Transcripts of the preliminary hearing and the trial testimony. The record reflects that no briefs have been filed on behalf of the Appellant, nor has an extension of time in which to file such a brief been requested. Pursuant to Rule 1.9 of this Court's rules, by order of the Presiding Judge, the above-styled and numbered cause was summarily submitted for an opinion.

This Court has consistently held that where the Appellant appeals from a judgment and sentence of conviction and no briefs are filed in support of the Petition-in-Error, this Court will examine the rec-

ords for fundamental error only. If no such error appears of record, the judgment and sentence will be affirmed. Hendricks v. State, Okl.Cr., 497 P.2d 425 (1972).

Further, this Court has held that where such cases have been submitted for summary consideration by the Court of Criminal Appeals without briefs having been filed, this Court cannot and will not act as counsel for the Appellant, but will carefully search the record, evidence, and instructions for fundamental error only. Metheny v. State, Okl.Cr., 485 P.2d 776 (1971).

In this case, we have carefully examined the Petition-in-Error, the Original Record, the transcripts of testimony from the preliminary hearing and the trial, the instructions, and the evidence, and find neither fundamental nor prejudicial error which would require reversal or modification. The record reflects that the Appellant was afforded a fair and impartial trial, and that the evidence was sufficient to support the jury's verdict.

We note, however, the record reflects that the Appellant herein is an indigent, and was represented throughout the proceedings and this appeal by court-appointed counsel. In view of Appellant's indigency, it is the opinion of this Court that justice would be better served to modify the judgment and sentence herein to the extent of eliminating the fine of Five Hundred Dollars ($500.00) assessed by the jury, and as so modified, the sentence then becomes four (4) years imprisonment.

There being no apparent error on the face of the record, it is the opinion of this Court that the judgment and sentence as modified is, and the same is hereby, affirmed. Modified and affirmed.

BRETT, Judge (special concurrence).

After reviewing the records of this case in their entirety, I concur that the judgment and sentence as modified should be affirmed. Court appointed counsel ably represented defendant at his trial; and notwithstanding that the testimony was con-

flicting, the jury believed the prosecution witnesses; and defendant was given the minimum penitentiary sentence under the law. Therefore, I can see no justification in changing the sentence imposed, beyond the modification provided for herein.