Darlene A. HAUSCHILDT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–132.

Court of Criminal Appeals of Oklahoma.

Aug. 17, 1976.

Stephen V. Swanson, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Joe Mark El-kouri, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Darlene A. Hauschildt, here-inafter referred to as defendant, was charged in Case No. CRF–75–44 of the District Court, Beckham County, with the offense of Unlawful Possession of a Con-trolled Dangerous Drug (Amphetamines) With the Intent to Distribute. After a trial by jury she was convicted of the less-er offense of Possession of Amphetamine, a misdemeanor. The jury assessed her punishment at one (1) years' confinement in the County jail. In accordance with the verdict, judgment and sentence was im-posed on October 24, 1975, and from that judgment and sentence defendant has per-fected this timely appeal.

On July 10, 1975, at approximately 11:00 p. m. the defendant was arrested by the Elk City Police and charged with an unre-lated offense. When she was processed at the Police Station, an inventory was made of her personal belongings, including the contents of her purse. The police dis-patcher, Sandy Nance, testified at defend-ant's trial that she routinely examined the personal belongings of those being booked into jail and recorded a written description of each item. In the defendant's purse she discovered three bags of pills, one of those bags had 94 white pills, which later proved to be amphetamines, and one bag had 19½ pink pills which later proved to be Prelu-din. Defendant was subsequently charged with possession of amphetamines with in-tent to distribute. After the State rested its case against her, the defendant took the stand to admit her knowing possession of the pills in question, but to deny that she intended to distribute them. Her testimony was that she is a 35-year-old widow, the mother of four children, who works at a truck stop from midnight to 8:00 a. m. She offered the explanation that she had wanted the amphetamines to help her stay

awake during her working hours, and that she had purchased 100 pills containing amphetamine from a truck driver for $25.00. She also testified that the same truck driver gave her the pink pills, telling her that they were diet pills.

Defendant's brief on appeal argues five propositions of law in this order:

"1. The verdict of the jury is excessive and appears to have been given under the influence of passion and prejudice.

"2. The stopping and arrest of defendant was without authority of law and evidence incidental thereto should be suppressed.

"3. The court erred in admitting documents and testimony during the trial which showed that the defendant was guilty of other separate offenses not part of the offense charged.

"4. The evidence of the illegal drugs should have been suppressed from the evidence because no proper chain of custody was presented during the trial to reasonably identify the evidence as being the same as that taken from the appellant.

"5. The court erred in instructing the jury to fix punishment absent the request of the defendant."

■ We consider first defendant's contention that her arrest was unlawful and that, consequently, the evidence seized from her purse at the police station should have been suppressed. It is plain that the search of defendant's purse and the seizure of the quantity of contraband pills during the "booking" process at the police station was permissible if her arrest and detention were lawful. See, *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L. Ed.2d 771 (1974); *United States v. Jeffers*, 524 F.2d 253 (7th Cir. 1975). Defendant contends, however, that the seizure must fail because the initial arrest in this case was not valid, but a subterfuge to search. See, *Fields v. State*, Okl.Cr., 463 P.2d 1000 (1970); *Johnson v. State*, 92 Okl.Cr. 63, 220 P.2d 469 (1950). This rec-

ord does not support such a position. The police officers who made the arrest in this case testified that the defendant came to their attention when she drove onto the highway from the parking lot of the Onyx Bar. The officers testified that she moved rapidly out of the parking lot, spinning the automobile's tires, and causing it to sway erratically with a motion that one officer described as "fishtailing." Both police officers testified that at that time they made the decision to stop the defendant for negligent driving. She was not, however, cited for negligent driving, but was taken into custody and subsequently searched and jailed. Such circumstances might draw into question the officers' real motivation for making the initial stop. In this case, however, it is clear from the record on appeal that after the officers stopped the defendant they had reason to believe she was intoxicated, and took her into custody upon a charge, duly filed and prosecuted, of driving while intoxicated.

■ The defendant filed sometime prior to trial of this case a standard motion to suppress. The motion contains no allegation of an illegal arrest and, in fact, was never presented to the court and never ruled upon. The defendant did not request an evidentiary hearing outside the presence of the jury on the issue of the validity of her arrest at trial. The record before us now shows that the question of the legality of the arrest was not presented to the trial judge until the close of the State's case when the prosecutor again moved to introduce the pills into evidence. If the defendant had evidence of the constitutional invalidity of her arrest beyond that which was adduced by cross-examination of the arresting officers in the trial of this case, she should have requested an evidentiary hearing outside the presence of the jury and presented that evidence. The defendant neither moved for an evidentiary hearing, nor alleged that she had additional evidence to present to the question of the legality of her initial arrest. Upon the record before him the trial judge correctly

overruled the defendant's objection to the introduction of evidence upon the grounds that that evidence was the product of an illegal arrest.

We turn now to defendant's contention that the evidence of her possession of illegal drugs should have been suppressed for the reason that no proper chain of custody of that evidence was shown at trial. The testimony at trial concerning the chain of custody of the pills was that after the dispatcher discovered them in defendant's purse, Officer Randy Smith conducted a field test for chemical content of the pills, counted them, tied the tops of the bags tightly and stored the pills overnight in his locker at the police station. Not until the following morning did the officer mark that evidence with his initials and seal it in an envelope to be mailed to the Oklahoma State Bureau of Investigation in Oklahoma City. Also, the defendant points out, the dispatcher testified that the number of pills found were distributed among three plastic bags, while Officer Smith, on cross-examination, remembered the original number of bags containing the pills to have numbered four. The defendant contends that these testimonial flaws in the establishment of the chain of custody so taint the integrity of the evidence that the trial court should have sustained the defense objection to its admission. It is plain that the party who offers the demonstrative evidence must show to the satisfaction of the trial judge that the circumstances of its custody provide reasonable certainty that there has been no alteration of or tampering with that evidence. We have made clear, however, that this burden is not so absolute that all possibility of alteration, however slight, must be negated by the party offering the evidence. Once it is shown to the court that the evidence was preserved under circumstances reasonably certain to maintain its integrity, it is proper for the trial judge to admit the evidence and let what doubt there may be go to its weight. *McKee v. State*, Okl.Cr., 532 P.2d 472 (1975); *Racy v. State*, Okl.Cr., 520 P.2d 375 (1974); *Trantham v. State*, Okl.Cr., 508 P.2d 1104 (1973). We find that the evidence in this case was properly admitted.

Defendant contends that the court erred in admitting documents and testimony during her trial which showed that she was guilty of other separate offenses not part of the offense charged. In her argument defendant refers to State's Exhibits Nos. 3 and 5 which are the envelopes used to transmit the pills to the crime laboratory of the Oklahoma State Bureau of Investigation. She contends that it was error to admit these envelopes into evidence before the jury because there is writing on them which reveals that she had been charged with the crime of driving while under the influence of intoxicants and that she had, in addition to the amphetamine capsules with which she was charged, 19½ pink tablets resembling Preludin.

The transcript shows on pages 71 and 72 that the trial judge refused to allow into evidence the pills containing Preludin. The judge did not rule inadmissible, however, any mention of Preludin. The specific objection by the defense to State's Exhibits Nos. 3 and 5, the evidence envelopes, appears on page 88 of the transcript of trial. The State had, at that time, concluded its presentation of testimony and offered into evidence State's Exhibits Nos. 1 through 6. We are of the opinion that the defendant cannot be heard to complain of error, if any, in admitting the envelope with the writing which indicated that the defendant possessed Preludin pills as well as amphetamines. The reason is that there was earlier testimony about the possession of Preludin given without objection. The writing on the envelope was merely cumulative of that testimony and for that reason will not be held reversible error. See, *Constabile v. State*, Okl.Cr., 513 P.2d 588 (1973); *Young v. State*, Okl.Cr., 373 P.2d 273 (1962). The writing which indicated that she had been charged with the crime of driving while under the influence of intoxicants, however, falls into a different

category. It is evidence of another crime interjected into a case in which it could have no relevance except to show that the defendant was a fit person for punishment. Permitting such evidence to go before the jury was error. In the case of *Hildebrandt v. State*, Okl.Cr., 507 P.2d 1323 (1973), this Court directed the trial courts in all future cases to remove any writing appearing on police photographs to be introduced into evidence. By the same reasoning the writing on the exhibit in issue here should have been removed before that exhibit was given to the jury.

■ We do not find that the commission of this error at defendant's trial necessitates the reversal of this case. The evidence against defendant was overwhelming. She herself admitted the knowing possession of the illegal drug. If the defendant suffered any prejudice by reason of this error, it is reflected in the punishment assessed, not in the jury's finding of guilt.

■ The defendant also argues that the court below erred in instructing the jury to fix punishment in the absence of a request by the defendant. The defendant refers to jury instruction number 6 which instructed the jury thus:

"If you find the defendant guilty it will be your duty to assess the punishment for the defendant in your verdict within the limits of the punishment set by law for the crime."

Defendant states that she did not request that instruction and relies upon the case of *Leasure v. State*, 48 Okl.Cr. 307, 290 P. 931 (1930), to support her argument that its giving was erroneous. Heading that case is this Syllabus by the Court:

"An instruction to the jury to fix the punishment on conviction, when not requested by the defendant, is improper, but the verdict will not be set aside for that reason alone, when it appears that the punishment fixed was not excessive, and no showing is made that the defendant has been in any manner injured."

In *Leasure* the defendant objected to the instruction before it was given to the jury. This defendant did not object to the giving of such an instruction, nor does she contend that she was not provided an opportunity to review the instructions and record her objections. Since the defendant did not bring this matter to the attention of the trial court by timely objection at trial, nor raise it in her motion for a new trial, she will not be heard to complain of it on appeal.

We have reserved until last the defendant's contention that the jury was improperly influenced to assess an excessive punishment. This defendant testified that she is a 35-year-old widow who has custody of four children. The fact that the jury in this case acquitted her of the greater offense of possession of a controlled dangerous substance with the intent to distribute indicates that it did not disbelieve her story that she acquired the illegal drug for her personal use, to help keep her awake during her nighttime job. The record reflects that she has never before been convicted of a criminal offense. There is, in fact, nothing in the record concerning either this defendant's past life or the manner of commission of this crime which might be considered aggravating circumstances justifying a more severe punishment. The jury in this case, nonetheless, assessed the maximum punishment and on its original verdict form wrote that her punishment was to be "not less than 365 days." Under that the jury wrote these words: "no-parole" and underlined that numerous times. On another paper submitted to the court the jury wrote, "Jury Recommendation" and on the opposite side wrote "No-parole" and underlined that numerous times.

■ We held above that improper evidence in the form of a writing revealing to the jury that she had been arrested for driving while under the influence of intoxicants was admitted into evidence against this defendant. We are unable to say that this evidence did not inflame the jury to the defendant's prejudice. For that reason

we are of the opinion that this case is a proper one for the exercise of our modification powers. Accordingly, the sentence imposed in Case No. CRM–75–44 of one (1) years' confinement in the County jail is hereby modified to six (6) months' confinement in the County jail.

The judgment appealed from is *AFFIRMED*; the sentence appealed from is *MODIFIED* and as modified affirmed.

BUSSEY and BLISS, JJ., concur.