**Jack A. MARCHMAN, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–76–743.**

Court of Criminal Appeals of Oklahoma.

March 10, 1977.

Edward E. Sutter, Alva, and David E. Pepper, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

The Appellant, Jack A. Marchman, Jr., hereinafter referred to as defendant, was charged by Information in Case No. CRM–75–263, with the crime of Driving Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902, in the District Court, Major County. A jury returned a verdict of guilty assessing punishment of imprisonment in the county jail for ninety (90) days and a fine of Two Hundred Fifty Dollars ($250.00). On the 1st day of June, 1976, the District Court, Major County, pronounced judgment and sentence in accordance with the verdict of the jury. From said judgment and sentence, the defendant has filed this timely appeal.

We deem a recital of the facts unnecessary in this case. We first note that the defendant's only assignment of error is that State's Exhibit No. 2, the written breathalyzer report, was improperly admitted into evidence. After a careful review of the record, we feel that the trial court properly admitted the written report; however, we

do not reach that issue in this case since the admission of the written report was, at best, cumulative. Prior to the admission of the written report, the following colloquy took place between the District Attorney and the officer who administered the breathalyzer test:

"Q. Okay. Did you follow this form?
"A. Yes, sir.
"Q. Is this your usual procedure in running a breathalyzer test?
"A. Yes, sir.
"Q. Okay. And did you run such a test then on the defendant?
"A. Yes, sir, I did.
"Q. And what were the results of that test?
"A. .16%, sir.
"Q. Okay. Now could you elaborate a little further and explain to the jury what you mean by his testing .16%?
"A. In the State of Oklahoma .10%—the breathalyzer has a face on it which reads in hundredths per cent blood alcohol concentration, and .16 is what the test showed. In the State of Oklahoma .10% is evidence that the subject has had enough to drink.
"Q. Okay. When we are talking about .16%, referring to .16% of what?
"A. Of alcohol—some alcoholic beverage—blood alcohol percentage in his blood." [Tr. 11–12]

Thus, the test result was before the jury without objection. The subsequent admission of the written report, had it been error, would have been merely cumulative. See, *Hauschildt v. State*, Okl.Cr., 554 P.2d 77 (1976) and *Constabile v. State*, Okl.Cr., 513 P.2d 588 (1973).

There being no error which would justify either reversal or modification by this Court, the judgment and sentence appealed from is accordingly *AFFIRMED*.

BLISS and BRETT, JJ., concur.