**Kim Denise HOLLOWAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–426.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1979.

Stanley D. Monroe, Appellate Public Defender, Tulsa County, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Kay Jacobs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Kim Denise Holloway, hereinafter referred to as defendant, was charged by information with the crime of Murder in the First Degree, in the District Court, Tulsa County, Oklahoma, Case No. CRF–77–2020, and was found guilty by the jury of Manslaughter in the First Degree in violation of 21 O.S.1971, § 711. She was sentenced to serve a term of thirty (30) years' imprisonment in the State penitentiary, and from said judgment and sentence she has perfected this appeal.

Sometime between 10:30 to 11:30 in the evening of July 31, 1977, the defendant by her own admission shot and killed Willa Gray in the parking lot of an apartment complex in Tulsa, Oklahoma.

The defendant urges in her first assignment of error that the evidence was insufficient to bind her over for trial on the charge of First Degree Murder. We find this argument to be without merit. The State is not required at preliminary hearing to present evidence which would be sufficient to convict at trial. *State v. Edmondson*, Okl.Cr., 536 P.2d 386 (1975). It is well established that a preliminary hearing is not a trial to determine the guilt of the

accused, but only the two issues: Was a crime committed, and is there reasonable cause to believe the defendant committed said crime. *Roberts v. State,* Okl.Cr., 561 P.2d 511 (1977). We find from our review of the transcript that testimony taken at the preliminary hearing presented sufficient evidence by the State from which the examining magistrate could find the public offense alleged in the information had been committed, and there was sufficient cause to believe the defendant had committed the offense. *Turner v. State,* Okl.Cr., 549 P.2d 1346 (1976). And where there is competent evidence in the record the reviewing court will not interfere with the determination of the finder of fact. *Tabor v. State,* Okl.Cr., 582 P.2d 1323 (1978).

The defendant's second assignment of error contends the lower court erred in not granting a continuance due to an irregularity in the information. The alleged irregularity is that the information did not use the language of 21 O.S.Supp.1976, § 701.7, to wit, "with malice aforethought," but rather used, "with a premeditated design."

 Thus, the defendant argues, the State was permitted to allege one set of circumstances and allowed to prove another. This assignment of error is clearly without merit. The defendant entered a plea of not guilty, and the general rule is that a plea to the information waives all defects in the information except those which go to jurisdiction. *Williams v. State,* Okl.Cr., 579 P.2d 194 (1978). The alleged irregularity was not jurisdictional and was therefore waived by the plea. The lower court was correct in refusing a continuance.

 The assignment of error, even when considered on the merits, is not well taken. A statement of the acts constituting the offense, in ordinary concise language, and in such manner as to enable a person of common understanding to know what is intended is all that is required by 22 O.S. 1971, § 401. The information in question certainly meets that requirement. The test of the sufficiency of an information is whether the defendant was in fact misled by it and whether a conviction under it would expose the defendant to the possibility of subsequently being put in jeopardy a second time for the same offense. *Williams v. State,* supra.

 The defendant argues in the third assignment of error that the trial court erred in admitting into evidence two photographs of the body of the deceased contending the photographs were gruesome, prejudicial and inflammatory. We have carefully examined the two photographs and observe that each is an 8 × 10 black and white photograph which depicts the body of the deceased lying face down in the parking lot. Neither photograph is gruesome nor grotesque in nature. We have previously held that the introduction of photographs in a homicide case is largely within the discretion of the trial court and that if the evidence has probative value which outweighs the danger of prejudice to the defendant, the evidence is admissible. *Jones v. State,* Okl.Cr., 542 P.2d 1316 (1974). Pictures of this sort are useful in establishing the corpus delicti of a crime, and we thus conclude that the trial court did not abuse its discretion in allowing the introduction of these exhibits. *Dodson v. State,* Okl.Cr., 562 P.2d 916 (1977); *Selsor v. State,* Okl.Cr., 562 P.2d 926 (1977); *Roberts v. State,* supra. We therefore find that the defendant's third assignment of error is without merit.

 In the fourth assignment of error, the defendant complains the lower court allowed the District Attorney to ask a question of one of the defendant's character witnesses which concerned a subject outside the scope of direct examination. The question to which the defendant objected was, "Were you at the Morning Star Apartments on July 31, 1977?" The witness' response was "No, I wasn't." This question and answer was so innocuous that the error, if any, was harmless, and we find that this assignment of error is without merit. *Potts v. State,* Okl.Cr., 502 P.2d 1287 (1972), cited by the defendant is clearly distinguishable. In that case, the District Attorney asked questions as to whether the witness knew

of a certain incident in the defendant's record and of a certain charge against him and of two specified terms in the penitentiary. We held these questions to be improper, holding that they could have no other effect than to prejudice the jury.

The defendant's fifth assignment of error is that the trial court erred by failing to give certain of the defendant's requested instructions and in giving the court's instruction number 6, which dealt with the issue of self-defense. The court's instruction is as follows:

"You are instructed that the right of self-defense is given to the citizen for his protection and it cannot be pleaded as a defense and relied upon for an acquittal by one who, himself, is the aggressor, or by one who enters voluntarily into a difficulty, armed with a deadly weapon, no matter in how much danger he may be placed in the course of the difficulty, nor how imminent his peril may become during the course of the difficulty. But one who is not the aggressor and is in a place where he has a right to be, when violently assaulted, or when by the hostile conduct or demonstration of another, he is induced to apprehend a design on the part of the latter, to take his life or inflict upon him some great bodily harm, may, without retreating, stand his ground and resort to the use of such force and violence as to him seems reasonably necessary for his own safety, even to the taking of life, and such killing will be justified on the ground of self-defense, even though such danger was not real, but apparent. And in this case unless you shall find from the evidence facts and circumstances, as during the trial, that the defendant was the aggressor, you will determine therefrom as to whether or not the defendant had reasonable grounds to apprehend that he was in imminent danger of losing his life or of receiving some great bodily harm at the time of the occurrence, and in so doing you will view the same from the standpoint of the defendant who acted upon them, and from no other standpoint.

"Should you find from the evidence in this case that the defendant acted in his own necessary self-defense, or should you entertain a reasonable doubt thereof, you should give the defendant the benefit of such doubt and acquit him."

The defendant complains that the instruction is ambiguous and confusing, and the court, by failing to define the term "aggressor" deprived the defendant of her defense of self-defense.

The defendant cites *Scaggs v. State*, Okl. Cr., 417 P.2d 331 (1966), and *Townley v. State*, Okl.Cr., 355 P.2d 420 (1960). In each case, the defendant had withdrawn from the original scene of action and was pursued in a spirit of vengeance by his victim, who renewed the difficulty. Under the circumstances, we held that the defendant was entitled to a specific instruction clearly defining the law as to who, at the time of the final affray, was the aggressor.

■ The record in the instant case is barren of any evidence of withdrawal by the defendant. In the written statement of the defendant, taken by Officer Sam Cox, the defendant stated that the deceased did not threaten her at the laundromat, after they arrived in the parking lot of the apartment complex, after the defendant returned to the automobile, or as the deceased was reaching into her purse. We find the factual situation in this case to be similar in principle to *Martley v. State*, Okl.Cr., 519 P.2d 544 (1974). There is no evidence of withdrawal and there is sufficient evidence to support the jury's conclusion that the defendant was the aggressor. It is our opinion that the court's instruction number 6 was neither erroneous nor prejudicial. It properly states the law regarding self-defense and fits within the facts adduced at trial.

We find the court did not err in giving the said instruction nor in failing to define the word "aggressor." Further, we find that the law of the case was sufficiently covered by the court's instructions and that it was not error for the court to fail to give the defendant's requested instructions or portions thereof. *Martley v. State*, supra.

We therefore find this assignment of error to be without merit.

It is the defendant's contention in her sixth and final assignment of error that the accumulation of errors and irregularities at trial deprived her of a fair and impartial trial. Because we have found the foregoing assignments of error to be without merit, it follows that this contention is likewise without merit.

In conclusion, we observe the record is free of any error which would justify reversal, and the judgment and sentence is, accordingly, *AFFIRMED.*

CORNISH, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring:

I concur that this judgment should be affirmed, but I would modify the sentence to fifteen (15) years' imprisonment and affirm on that basis.