Dennis Lee GLIDEWELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–169.

Court of Criminal Appeals of Oklahoma.

April 13, 1981.

Demetri Anastasiadis, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen., of Oklahoma, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

On September 12, 1978, the appellant was tried and convicted for Murder in the First Degree in violation of 21 O.S.Supp.1976, § 701.7, in Oklahoma County District Court Case No. CRF–78–521. He was found guilty and sentenced to life imprisonment.

It was established at trial that a robbery and murder were committed at Little Dee's Grocery Store in Oklahoma City on February 1, 1978. The appellant's involvement in the crime was disputed at trial. Since the four assignments of error are evidentiary, any facts needed to resolve the issues will be discussed with the particular proposition of error.

First, the appellant asserts that the trial court erred by allowing the prosecutor to argue, over objection, that the appellant had "masterminded" the crime. The portion of the closing argument objected to reads in pertinent part as follows:

But can there be any question of any kind, much less a reasonable doubt of it,

any question of any kind but what Dennis Glidewell planned this robbery.

You know, of the four he's the oldest. Could it be that under this evidence he is actually the mastermind of the whole thing and he's guiding and directing these younger fellows to do these things?

Other similar references were made by the prosecutor in his closing argument.

■ The appellant urges this Court to reverse the lower court's decision on the ground that the prosecutor's statements were totally unsupported by the evidence and unfairly prejudicial. However, reasonable inferences and deductions drawn from evidence presented at trial are generally permissible. *Tharps v. State*, 555 P.2d 1054 (Okl.Cr.1976); *McDonald v. State*, 553 P.2d 171 (Okl.Cr.1976). In the present case, the prosecuting attorney's remarks, implicating the appellant as the "mastermind" of the crime, were reasonably inferred from testimony that appellant was the one who surveyed the store and decided that the victim should die; from uncontroverted testimony that appellant drove the getaway car and took his share of the stolen money; from evidence showing that the appellant was with the others just hours before the crime and was the oldest of the group; and from evidence tending to establish that the appellant directed the others to remove the gun from his car. Since this evidence could reasonably lead one to the conclusion that the appellant had planned the murder, the prosecutor's remarks were not improper.

Furthermore, even if such remarks were improper, to constitute reversible error they must have adversely affected the appellant's rights. *Raper v. State*, 560 P.2d 978 (Okl.Cr.1977). In the recent case of *Meggett v. State*, 599 P.2d 1110 (Okl.Cr.1979), this Court modified a sentence after finding that the prosecutor's improper closing argument was prejudicial, but, because of the overwhelming evidence of guilt, reversal was not required. In the instant case, there was also overwhelming evidence of guilt in the corroborated testimony of his co-de-

fendants. There was no prejudice in assessing appellant's punishment, as evidenced by the imposition of the minimum sentence. Therefore, the appellant's first assignment of error is without merit.

■ The appellant argues next that the trial court committed reversible error by admitting over objection State's Exhibit No. 1. The exhibit in question was a color photograph taken of the murder victim at the scene of the homicide. As correctly noted in the appellant's brief, the test for admissibility for allegedly gruesome pictures is whether the probative value of the evidence, as it relates to an issue in the case, outweighs the prejudicial effect. *Vierrether v. State*, 583 P.2d 1112 (Okl.Cr. 1978); *Clark v. State*, 558 P.2d 674 (Okl.Cr. 1977). According to *Oxendine v. State*, 335 P.2d 940 (Okl.Cr.1958), the principal case on admissibility of gruesome pictures, the evidence must be probative with respect to a fact in issue and that value must outweigh the danger of prejudice, in which event the evidence is admissible even if it is gruesome.

The photograph in the present case was used by the prosecution to show the point of entry of the wounds and position of the body. Specifically, the position of the shirttail, raised, was important in showing that the victim was in a prone position when the fifth bullet was fired, penetrating only the undershirt. This evidence was corroborative of testimony that a co-defendant returned, after being told in the presence of all co-defendants that the decedent was still alive, to administer the final shot. This evidence shows definitively that the intent was to kill and that all the co-defendants, including the appellant, were aware of this. It also tended to show that the crime was merciless and that the co-defendant returned to shoot a man already dying from four bullet wounds. *See Hainta v. State*, 596 P.2d 906 (Okl.Cr.1979), in which case photographs of an assault victim were held admissible to show the location and extent of the victim's injuries; *Bills v. State*, 585

**1354**

P.2d 1366 (Okl.Cr.1978), where color photos of a murder victim were allowed in evidence to corroborate the findings of the pathologist; and *Dennis v. State*, 556 P.2d 617 (Okl.Cr.1976), in which two color photographs of the deceased were found to be admissible because they showed the point of entry of the bullet.

■ Furthermore, the admissibility of allegedly gruesome photographs is within the discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion is shown. *Asberry v. State*, 564 P.2d 648 (Okl.Cr.1977). In *Johnson v. State*, 597 P.2d 340 (Okl.Cr.1979), as in the present case, the photographs were introduced for their accurate depiction of the murder scene and the position and condition of the victim's body. This claim of error was found meritless in *Johnson* and should likewise be found meritless in the instant case.

Third, appellant asserts that State's Exhibits 2, 3, 4, 5 and 6 were erroneously admitted into evidence and that such error constitutes grounds for reversal. The questioned exhibits are five (5) black and white photographs of the grocery store where the murder occurred and the view of the grocery store as seen by one of the State's witnesses. The appellant urges that these photographs were staged and too remote in time to be admissible. They were taken within two months of the date of the crime, following the discovery of a defect in the camera used immediately after the crime.

■ In 1950, this Court stated, "Photographs purporting to depict the conditions at the point of accident may be admitted into evidence, if it is proven or admitted that the objects surrounding the scene of the accident are in the same condition that they were at the time of the acts complained of...." *Langley v. State*, 90 Okl.Cr. 310, 213 P.2d 886 (1950) (quoting *Massey v. Ivester*, 168 Okl. 464, 33 P.2d 765 (1934)). The pictures in the present case were not an attempt to stage any part of the crime. Three of the pictures are of

witness Henshaw's apartment and of the view of the store from her balcony. That view had not changed in the two months since the commission of the crime. These photos were merely used to show that the witness could have observed what she testified to at trial. Another of the pictures corroborated the testimony of a co-defendant, who stated that he stood by the ice machine in front of the store, and also to demonstrate that Mrs. Henshaw's view was partially blocked, explaining why she saw only one of the getaway cars. The last picture, depicting the interior of the store, showed the counter area where the victim had stood. All photographs complained of were testified to as accurately representative of the scene as it was at the time of the crime. A photograph is admissible as an aid to the jury when identified as a faithful reproduction of the subject represented. *Parkhill v. State*, 561 P.2d 1386 (Okl.Cr. 1977); *Edwards v. State*, 554 P.2d 46 (Okl. Cr.1976). Furthermore, the admissibility of photographs is addressed to the trial court's discretion, and that decision will not be disturbed absent abuse, *Vavra v. State*, 509 P.2d 1379 (Okl.Cr.1973). No such abuse has been shown in this case.

■ As his fourth and final assignment of error, the appellant claims that the motion to suppress his confession was improperly overruled. To support his claim that the confession was involuntary, the appellant points out that he was tired, hungry and upset. He further points out that his girlfriend was in custody at the time he made his statement and he allegedly was told that she would not be released until he made a statement. The officer involved denied this allegation, and it was also denied that detectives had made threatening statements. The trial judge conducted an in-camera hearing to determine whether the confession was voluntary and determined that it was. The trial judge also instructed the jury that, even though the confession had been admitted into evidence, they could still find to the contrary and disregard the confession.

This procedure was approved in *Pickens v. State*, 600 P.2d 356 (Okl.Cr.1979), where the defendant had claimed that his confession was physically coerced. The Court stated, "If the trial judge at a motion to suppress hearing is satisfied that the *Miranda* warnings were given and that the confession was voluntarily made, he must submit the question to the jury." *Id.* at 360 (citations omitted); see *Prejean v. State*, 560 P.2d 223 (Okl.Cr.1977).

In the instant case the evidence presented at the suppression hearing, specifically the testimony of Officer Pennington, supported the judge's finding of voluntariness. Pennington's testimony also established that the appellant had been given the *Miranda* warnings, which appellant himself admits. It is apparent that the question of voluntariness was then properly submitted to the jury in Instruction No. 4, in compliance with *Pickens*.

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BUSSEY and CORNISH, JJ., concur.