**Lonnie Leon YOUNG, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-83-375.**

Court of Criminal Appeals of Oklahoma.

May 28, 1985.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen. of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Lonnie Leon Young was convicted in McCurtain County District Court of Mur-

der in the Second Degree and Armed Robbery. Sentences were imposed of life imprisonment and 200 years' imprisonment, respectively.

By his own admissions, appellant and two other men went to the home of their victims, Roy and Inez Manuel, on the evening of August 28, 1981, armed with a sawed-off shotgun, in order to rob them. They forced their way into the house and tied each victim in separate bedrooms. Three days later, Inez Manuel was found dead with each limb still tied to the four corners of the bed. She died from a combination of dehydration, suffocation, extensive wounds received from being beaten, and congestive heart failure. Roy Manuel was also found severely beaten and tied up, but he survived the ordeal.

Appellant's first assignment of error is that the trial judge erred in admitting two nude pictures of the deceased. We will first mention that appellant's principal complaint is of a photograph designated "S–5." This photograph shows decedent's nude body, and shows the vaginal region where it is alleged that Louisiana Hot Sauce was poured. Appellant's counsel stipulated at trial that the sauce was present. But appellant is in error that this picture was admitted. The record indicates that the trial judge specifically excluded this picture.

The picture designated "S–2" was admitted and it shows the nude corpse face down still tied to the bed and the extensive bruising over the posterior region of the body. It does not show the vaginal region of the body.

■ The admissibility of photographs is a decision within the trial court's sound discretion. *Glidewell v. State*, 626 P.2d 1351 (Okl.Cr.1981). Photographs are admissible if relevant and if their probative value is not outweighed by danger of prejudice to the accused. *Glidewell*, supra. The present photograph was relevant to establish corpus delicti and it also corroborated the medical examiner's testimony of the extensive injuries the victim suffered. Further, it aided the jury in reconstructing the crime scene. *Ake v. State*, 663 P.2d 1 (Okl.Cr.1983); *Holloway v. State*, 602 P.2d 218 (Okl.Cr.1979). This assignment lacks merit.

At trial, a bottle of Louisiana Hot Sauce which was found in the bed beneath the victim was allowed into evidence. The doctor who had performed the autopsy on the decedent testified at trial she "had some red vegetable material scattered over the pubic area." Appellant complains that the evidence was incompetent and should not have been introduced since there was no scientific evidence linking the jar and its contents with the sauce found on the victim and because certain State witnesses disagreed where the bottle was found.

The evidence at trial was that one investigator, Wallace Floyd, being present when the decedent's body was turned over, saw the bottle beneath her body. Another police agent arrived later and saw the bottle on a dresser in the room. He had not been present when the body was turned over, so there was no actual conflict in their testimony as appellant contends. This officer observed a criminologist with the O.S.B.I. take the bottle into custody. It was marked, and further testimony established a proper chain of custody.

■ The admissibility of physical evidence does not depend on an absolute identification. *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980). In *Chaney*, the prosecution was allowed to introduce physical evidence which could not be positively identified. We held that the lack of positive identification goes to the weight of the item as evidence. *Id.* at 278. Once it has been demonstrated that the evidence has been preserved under circumstances reasonably certain to maintain its integrity, the trial judge may admit the evidence and let the jury determine its weight. *Hays v. State*, 617 P.2d 223 (Okl.Cr.1980); *Hauschildt v. State*, 554 P.2d 77 (Okl.Cr.1976). We find that under the circumstances of this case, the trial judge was warranted in admitting the bottle.

**418**

Appellant contends as his final assignment of error that the sentences imposed are excessive and violate constitutional guarantees against cruel and unusual punishment. Appellant recognizes that the excessiveness of a sentence is to be judged from all the facts and circumstances surrounding a case. This Court does not have the power to modify a sentence however, unless it can say that the sentence is so excessive that it shocks the conscience of the Court. *Edwards v. State*, 663 P.2d 1233 (Okl.Cr.1983).

The crimes with which appellant stands convicted were committed in a vicious and inhumane manner. The fact that one other than the appellant was the leader does not lessen his responsibility for the acts. *Hatch v. State*, 662 P.2d 1377 (Okl. Cr.1983). The gang that committed the crimes returned later that evening and gagged the victims with several more towels to ensure that they would not yell for help. Appellant was with them.

The circumstances of this case impress us, as they obviously did the jury, with the calloused nature of the acts. The sentences imposed do not shock the conscience of this Court. See for comparison with this case: *King v. State*, 640 P.2d 983 (Okl.Cr.1982); *Pruitt v. State*, 518 P.d 1114 (Okl.Cr.1974); *Fields v. State*, 501 P.d 1390 (Okl.Cr.1972).

Finding no error warranting modification or reversal, judgments and sentences are AFFIRMED.

PARKS, J., specially concurs.

BRETT, J., concurs.

PARKS, Judge, specially concurring:

While I fully concur in Judge Bussey's opinion, I feel it necessary to address appellant's first assignment of error as raised on appeal.

The error complained of is based upon a mistaken belief that the photograph designated S–5 was introduced at trial. However, a closer review of the record reveals that the photograph was excluded by the trial court.