Juniper Lee THOMPSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-52.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1985.

Rehearing Denied Jan. 27, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Juniper Lee Thompson was tried by jury in the District Court of Comanche County,

Case No. CRF–83–108, for the offense of Murder in the First Degree. The jury returned a verdict of guilty and set punishment at life imprisonment. The trial court imposed judgment and sentence in accord with the jury's verdict, and we affirm.

On the afternoon of February 11, 1983, the appellant shot and killed Wallace Tatum following an argument at the home of George Robinson in Lawton, Oklahoma. An autopsy revealed Tatum died from a massive brain injury, inflicted by a blast from appellant's .12 gauge shotgun. Several eyewitnesses at the Robinson home saw appellant kill Tatum. At trial, appellant claimed the shooting was accidental.

In his lone assignment of error, the appellant claims he was unlawfully prejudiced by the admission of State's Exhibit No. 3, a photograph depicting the victim's head and upper body. We disagree with this assertion. The legal standard upon which we will review any claim relating to admission of death photographs is found in *Nuckols v. State*, 690 P.2d 463 (Okl.Cr.1984), wherein we stated:

> [A]dmission of photographs rests largely within the discretion of the trial judge, whose ruling will not be disturbed on appeal absent an abuse of discretion. *Glidewell v. State*, 626 P.2d 1351 (Okl.Cr.1981). An abuse of discretion will be found, however, when the photographs are gruesome, and their probative value is substantially outweighed by potential prejudice to the accused. *Oxendine v. State*, 335 P.2d 940 (Okl.Cr.1958); 12 O.S.1981, § 2403.

As in *Nuckols*, the single photograph in this case was not so gruesome as to be inadmissible. Furthermore, the photograph did corroborate the findings of the medical examiner regarding the victim's wound. *Id.* at 470. *See also Stafford v. State*, 669 P.2d 285 (Okl.Cr.1983), case remanded on other grounds, 104 S.Ct. 2652 (1984). We cannot say the trial court abused its discretion in allowing admission of State's Exhibit No. 3. This assignment of error is without merit.

The judgment and sentence of the District Court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.