Darwin Dale **LANDIS**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–84–792.

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1987.

Johnie O'Neal, Asst. Appellant Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Darwin Dale Landis, was tried and convicted by jury in the District Court of Tulsa County, Case No. CRF–83–1264, for the offense of Murder in the First Degree. During the sentencing stage of trial, the jury was unable to decide whether to impose the death penalty. The trial court then entered a sentence of life imprisonment. We affirm.

On Wednesday, April 6, 1983, several friends of Elizabeth Baker discovered her lifeless body on the kitchen floor of her home. An autopsy revealed she had been stabbed several times in the neck and chest. The autopsy also noted abrasions to her vagina which were consistent with intercourse. Police investigation eventually led to the arrest of appellant. Appellant confessed to killing Ms. Baker, and several items of her property were recovered from the appellant's home.

### I.

In his first assignment of error, the appellant asserts that error occurred when the prosecutor was allowed to remove at the start of the trial those prospective jurors so opposed to capital punishment they would be unable to assess the death penalty at sentencing. However, a five-member majority of the United States Supreme Court has recently held there is no constitutional impediment to removing, prior to the sentencing phase, so-called "Witherspoon-excludable" jurors. *Lockhart v. McCree,* — U.S. —, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986). *See also Foster v. State,* 714 P.2d 1031 (Okl.Cr.1986). This assignment of error is without merit.

### II.

Next, appellant asserts the trial court erred in admitting several photographs and slides depicting the body of the victim. Some of the photographs in question were made at the scene of the crime, and the slides were used by the medical examiner in his testimony regarding wounds to the victim, and the cause of her death. Regarding the admission of photographs, we have held that:

> admission of photographs rests largely within the discretion of the trial judge, whose ruling will not be disturbed on appeal absent an abuse of discretion. *Glidewell v. State,* 626 P.2d 1351 (Okl. Cr.1981). An abuse of discretion will be found, however, when the photographs are gruesome, and their probative value is substantially outweighed by potential

prejudice to the accused. *Oxendine v. State*, 335 P.2d 940 (Okl.Cr.1958); 12 O.S. 1981, § 2403.

*Nuckols v. State*, 690 P.2d 463, 470 (Okl.Cr. 1984). In this case, the photographs were not gruesome, and they were used primarily to explain the testimony of the medical examiner. We find no abuse of discretion in the admission of these exhibits.

### III.

Finally, the appellant maintains that he was the victim of a so-called evidentiary harpoon during his cross-examination of a police officer. This exchange improperly revealed that the appellant had been in "trouble" as a juvenile. We first note that the comment by the officer does not appear to be an evidentiary harpoon as defined by *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). Secondly, even if this comment could be considered a harpoon, we do not believe this isolated comment would require reversal, based on the facts of this case.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.