Robert David HAMPSHIRE, Appellant,

v.

The CITY OF TULSA, Appellee.

No. A–16775.

Court of Criminal Appeals of Oklahoma.

Oct. 25, 1972.

William R. Moss, Legal Intern, Tulsa, for appellee.

OPINION

BRETT, Judge.

Appellant, Robert David Hampshire, hereinafter referred to as defendant, was convicted in the Municipal Criminal Court of the City of Tulsa, Case No. 126096, of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, and sentenced to ten days in jail and a fine of $10.00. Judgment and sentence was imposed on May 14, 1971, and this appeal perfected therefrom.

It was charged by information that on February 21, 1971, at the corner of 21st and Harvard in Tulsa, Oklahoma, the defendant was operating a motor vehicle under the influence of intoxicating liquor, in violation of Municipal Ordinance, Title 37, Section 164. The evidence established that on that date the defendant was the driver of an automobile which struck and ran over a signal light post located on the median of 21st Street at the corner of 21st and Harvard.

Curtis Parks testified that he was in the Warehouse Market parking lot on the southwest corner of this intersection at approximately 8:00 P.M. on February 21, 1971, when he heard a crash, turned and saw a vehicle in contact with the signal light post on the median. The car knocked the light post to the ground while it straddled the median, after which it proceeded down the street before turning around and pulling into the Warehouse Market parking lot. Witness Parks approached the driver of the vehicle and inquired as to his condition. Witness Parks identified the driver of the vehicle as the defendant and testified that he appeared to be in a state of shock, that he was drowsy, had to be helped out of the car, moved slowly, and that defendant smelled of an alcoholic beverage.

Rozella Neubauer testified that on February 21, 1971, at approximately 8:00 P.M., she was driving her automobile on Harvard Street when a car almost hit her vehicle. She sounded her horn and the vehi-

cle then turned and ran into a stop light located on the center median. She identified the driver as the defendant. She testified that after it hit the light post the car, driven by the defendant, turned around and came into the Warehouse Market parking lot. Witness Neubauer then drove her car into the parking lot and approached the vehicle driven by the defendant. At first, when she observed the driver slumped in his seat, she thought that he might have had a heart attack. She testified that at the car she smelled an odor as if someone had been drinking.

Max Earl Durkee testified that he was driving an automobile on Harvard on February 21, 1971, at approximately 8:00 P.M., when he observed a light colored Chevrolet hit a traffic light in the center median at the intersection of 21st and Harvard. Witness Durkee got the license number of the vehicle and then pulled into a parking lot in which the car had driven. He observed the driver of the Chevrolet get into the back seat and a woman passenger get into the driver's seat. Durkee identified the defendant as the man who had driven the car and hit the light post. Durkee testified that he could detect an odor of alcohol at the vehicle. Durkee testified that he approached the vehicle and had a conversation with the defendant. At that time he detected the smell of alcohol. Durkee remained at the scene to talk with the police and while he was there defendant's automobile drove away. At this time a female was driving the vehicle. A policeman went after the defendant's car and it shortly returned to the scene.

At this point there was a non-jury hearing in which defendant contended that the defendant had been returned to the scene illegally since the officer bringing the defendant back did not see the driving while intoxicated offense in his presence, and that the officers did not properly admonish defendant of his rights. The court then instructed that the witness would not answer as to defendant's responses after the police brought him back to the scene. The witness Durkee then testified before the jury that he, the defendant, and a policeman were located inside a police vehicle. Durkee testified that at that time he could smell alcohol and in his opinion defendant was drunk. The court admonished the jury to disregard this last conclusion by the witness. Durkee then testified that he could smell alcohol, that defendant's speech was slurred, and that he was incoherent.

The defendant testified that he had never been convicted of a crime, and that during the year of 1970 and 1971 he had had physical impairments. Specifically, he testified that on February 20th and 21st he was having difficulty regarding his leg and difficulty maneuvering. On cross-examination the defendant denied that he had entered a plea of guilty to the charge of being drunk in a private place in Tulsa on January 20, 1966. The defendant then admitted that he had been charged with being drunk in a public place and committing assault and battery in Tulsa on December 25, 1965. The Tulsa Municipal Criminal Court Clerk identified City's Exhibits 1 and 2, which purported to be judgment and sentences of that court showing that the defendant had been convicted of assault and battery and being drunk in Tulsa on January 20, 1966.

■ It is defendant's first assignment that trial court erred in overruling his motion to suppress testimony concerning the defendant's condition after he had been returned to the scene of the accident by a policeman. Defendant argues that when he left the scene in his car driven by his ex-wife, that he was not under arrest. Thus, contends the defendant, when another officer pursued them and requested they return to the scene, that officer at that time placed the defendant under arrest. This arrest was illegal, so argues the defendant, since this patrolman had not observed the offense committed in his presence. Under defendant's contention the testimony of the witness Durkee as to the defendant's condition when he observed him in the police car, after defendant had been returned to the scene, was inadmissi-

ble. Even assuming defendant's theory arguendo, we find that it would be immaterial as there was more than sufficient evidence otherwise that indicated that the defendant was intoxicated while driving. Excluding Durkee's observation of the defendant in the police car, it will be remembered that Durkee smelled alcohol when he first approached the vehicle after he had pulled into the parking lot and before defendant left the scene. In addition the two other witnesses gave testimony as to defendant's condition before he left the parking lot. Thus, even if we were to accept the defendant's argument that the second portion of Durkee's testimony was inadmissible, such a conclusion would be inconsequential as we view the evidence.

It is defendant's second contention that the court erred in permitting improper cross-examination of defendant regarding former convictions. By statute no person is disqualified as a witness "by reason of his conviction of a crime," but such conviction may be shown for the purpose of impeaching his credibility. 12 O.S., 1971, § 381. It is the general rule that "a conviction for violation of a municipal ordinance may not be shown to impeach a witness or as a matter affecting his credibility." 58 Am.Jur., Witnesses, § 741. It has been held in Oklahoma that a conviction for violation of a municipal ordinance is not a crime and may not be shown to discredit credibility of a witness. Flanagan v. Oklahoma Railway Company, 201 Okl. 362, 206 P.2d 190 (1949). However, it is permissible to inquire of a defendant on cross-examination for purposes of effecting his credibility as to his convictions for violation of municipal ordinances for drunkenness and drunk driving as such violations constitute offenses under state law and are crimes within contemplation of statute. Carothers v. State, Okl.Cr., 299 P.2d 546 (1956). Since municipal ordinance violations for drunkenness and assault and battery also constitute offenses under state law, it was proper for the prosecution to inquire of defendant if he had

been convicted of these violations. Therefore, we find no error in this regard.

Finally, the defendant contends that the evidence was insufficient to support the verdict. We find that there was competent evidence before the jury which, if believed, would support the verdict. Accordingly, we conclude that judgment and sentence should be and the same is hereby affirmed.

BUSSEY, P. J., concurs in result.