*Alabama,* 287 U. S. 45 (1932); G. Allport, The Nature of Prejudice 349–355 (1958). When such a charge is made, especially in a city where racial conflict is close to the surface, it blinks reality to conclude, as the Court was able to find in *Ristaino,* that "[t]he circumstances . . . did not suggest a significant likelihood that racial prejudice might infect [petitioner's] trial." 424 U. S., at 598. Thus, under the standard set forth in *Ristaino,* this defendant was entitled to assure himself that the jury would consider only the evidence, not his race and the race of the alleged victim, when it determined his fate.

By refusing to review this conviction the Court does not, of course, endorse the Court of Appeals' understanding of *Ristaino.* It does, however, add to the lengthening " 'epitaph for those "essential demands of fairness" recognized by this Court 40 years ago in *Aldridge* [v. *United States,* 283 U. S. 308 (1931)].' " *Id.,* at 599 (MARSHALL, J., dissenting), quoting *Ross* v. *Massachusetts,* 414 U. S. 1080, 1085 (1973) (MARSHALL, J., dissenting from denial of certiorari). By failing to respond to those demands, the Court empties of meaning the promise of *Aldridge* and of our recent decision in *Ham* v. *South Carolina,* 409 U. S. 524 (1973). That promise is the fundamental guaranty of a fair trial before an impartial jury.

I respectfully dissent.

No. 75–734. SMITH ET AL. *v.* TROYAN ET AL., 426 U. S. 934;

No. 75–1501. IVEY ET AL. *v.* UNITED STATES, *ante,* p. 818;

No. 75–6922. MASON ET AL. *v.* BELIEU ET AL., *ante,* p. 852;

No. 76–5030. BLACKBURN *v.* FLORIDA, *ante,* p. 864; and

No. 76–5078. MANNING *v.* PRINCETON CONSUMER DISCOUNT CO., INC., ET AL., *ante,* p. 865. Petitions for rehearing denied.