**Asa Lee MAYES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–76–347.**

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1976.

On Rehearing Feb. 23, 1977.

---

John B. Ogden, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James D. Wadley, Legal Intern, for appellee.

## OPINION

**BLISS, Judge:**

The appellant, Asa Lee Mayes, hereinafter referred to as the defendant, was charged in the District Court, Oklahoma County, Case No. CRM–75–3458, with the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. He was tried by jury, convicted, and sentenced to serve thirty (30) days in the Oklahoma County Jail and fined Two Hundred Fifty Dollars ($250.00). From said judgment and sentence, the defendant has perfected his timely appeal to this Court.

The State in chief called two witnesses, the first was Trooper Bill Thomas of the Oklahoma Highway Patrol. The trooper testified that on October 26, 1975, at 2:00 a.m., he was driving north on MacArthur Street in Oklahoma City, in an Oklahoma City Police car with his partner, Trooper Robert Burch. Near the intersection of 16th Street and MacArthur Street, the trooper stated that he saw the defendant's 1974 station wagon approaching from behind without the headlights burning. He further testified that a vehicle had stalled on the road in front of them which caused traffic in the right lane of the four lane highway to stop. The trooper stated that he and his partner stopped the patrol car in the left lane next to the stalled vehicle, and the defendant stopped along side the patrol car. Trooper Thomas testified that his partner got out of the car, and instructed the defendant to pull off the street into a filling station driveway. He further testified that the defendant complied with the trooper's instructions, and nearly ran over a gas pump while driving into the driveway, but was diverted by a yell from Trooper Burch. The defendant's car had a flat tire, and he was accompanied by a companion who was asleep in the back seat.

Trooper Thomas described the defendant as glassy eyed and unsteady on his feet. The trooper stated that in his opinion, the defendant was intoxicated. After the defendant was placed under arrest for driving under the influence of alcohol, he was told several times by Trooper Thomas to quit smoking because he was to get into the police car, but the defendant refused. The trooper stated that he then took the cigarette from the defendant's mouth, and as he did so he smelled alcohol on the defendant's breath.

The trooper further testified that the defendant and his companion were both arrested and taken to city jail. He stated that the odor of alcohol was strong in the patrol car, and that the defendant was very talkative. Upon reaching the police station, Trooper Thomas read the defendant his rights and gave him the choice of taking a breathalizer test or a blood test or refusing both. The defendant refused to take either test.

The State's next witness was Trooper Robert Burch. Trooper Burch testified that he was employed by the Oklahoma Highway Patrol, and was on duty with Trooper Thomas on October 26, 1975, in Oklahoma City. He substantially corroborated Trooper Thomas' testimony concerning the events leading up to the arrest of the defendant and his companion, and the trip to the police station. Trooper Burch described the defendant as having red, blood shot and watery eyes and incoherent speech. The trooper further testified that the defendant had a strong odor of alcohol about him and that he was very unsteady on his feet and had trouble standing up by himself. He stated that in his opinion, the defendant was intoxicated.

The trooper stated that he had been an instructor in a school operated by the Oklahoma State Board of Chemical Tests which licenses persons to give tests to people under the influence of alcohol. In that school, persons were given quantities of alcohol, and the troopers were given an opportunity to evaluate and observe those persons.

The State rested.

The defense called the defendant, Asa Lee Mayes, who testified in his own behalf. He stated that on October 26, 1975, he and a friend listened to the O.U.–Texas football game on the radio at home. At the end of the game he and his friend drank two glasses of champagne and ate several hamburgers. The defendant testified that at 10:30 p.m., he and his friend drank about one half glass of champagne each, and then went to a movie. After the movie, the defendant and his friend rode around in the defendant's car. He testified that the car was a 1971 station wagon and was not a 1974 station wagon as alleged in the information, and offered the car title as evidence.

The defendant testified further that his friend fell asleep on the backseat, so he headed back to his house. He stated that he was driving with his headlights on. On the way, he had a blow out and, not having

a spare, decided to drive on to his house. The defendant stated that the policeman pulled up beside him around 16th Street and MacArthur, and told him to pull into a parking lot. He testified that the policeman told him to lean up against the car and arrested him for drunk driving. The defendant denied being under the influence of alcohol, and stated that he had complete control of his · faculties. The defendant stated that upon reaching the station, he attempted to smoke a cigarette and the policeman took his pack of cigarettes and threw them on the floor.

The witness testified that he had been convicted for possession of marijuana, possession of a controlled substance, and possession of barbiturates in both 1974 and 1975.

The defense counsel then attempted to call a character witness. However, the witness had been present in the courtroom during the entire proceeding after the rule had been called by the defense, and the trial court refused to allow the witness to testify.

The defense rested.

The State then called Trooper Robert Burch as a rebuttal witness. He testified that on most cars, the taillight lens will reflect the year of the car. On the defendant's car, the number found ·was 74SAE, which led the trooper to believe that the car was a 1974 model.

The State rested.

■ The defendant's first assignment of error is that the variance between the allegations in the information as to the model and year of the defendant's car, and the proof offered as to the model and year, constitutes fatal variance. The information alleged that the car in question was a 1974, and the troopers testified to that effect. The defendant, however, proved that the car he was driving was a 1971.

The court in *Austin v. State,* Okl.Cr., 419 P.2d 569 (1966) held:

"The test of fatal variance is whether the defendant was misled by the information and whether conviction under such infor-

mation exposed him to the possibility of being later put in jeopardy again for the same offense. . . ."

This test was further clarified in the recent case of *McCoy v. State,* Okl.Cr., 536 P.2d 1309 (1975) which held that the information is not misleading if it states the charge in ordinary and concise language, as to enable a person with ordinary understanding to know what is intended by the accusation, and to afford protection against prosecution of the same offense at some future date.

In the instant case, we do not feel that the defendant has been misled. The offense of operating a motor vehicle while under the influence of intoxicating liquor by definition, includes the operation of a motor vehicle. The defendant does not contest the fact that he was driving, only that the information was in error as to the year of the car. Under these circumstances, it is abundantly clear that the defendant was adequately informed as to the nature of the offense charged, and we find no fatal variance.

■ The defendant contends in his second proposition that the trial court committed error in not allowing a character witness to testify even though the witness had remained in the courtroom after the defendant himself had requested that witnesses be excluded from the courtroom during testimony. We need only say that when the court orders witnesses who are to be sworn to be excluded from the courtroom during the taking of testimony, and such a witness violates the rule, it is within the discretion of the court to allow or exclude the testimony of such a witness. *Savage v. State,* Okl.Cr., 525 P.2d 1219 (1974). In the case at bar, there is nothing within the record to indicate an abuse of the trial court's discretion, therefore, the defendant's second assignment of error is without merit.

As his third assignment of error, the defendant contends that the inquiry by the prosecutor into the former convictions of the defendant constituted prejudicial error.

The defendant finds the following testimony objectionable:

"Q. You mean that you were in trouble when you were 16 or 17?

"A. Right.

"Q. And then after that, you were in trouble again at the date I have just stated in 1974?

"A. That's correct.

"Q. Have you ever been convicted of any traffic offenses?

"A. Well—

"MR. OGDEN: If the Court please, I don't believe that a traffic offense is competent.

"MR. EDWARDS: Just a moment, Your Honor.

"MR. OGDEN: Just misdemeanors or involving moral turpitude.

"MR. EDWARDS: He is on a traffic offense.

"THE COURT: Well, let's be more specific.

"MR. EDWARDS: All right.

"* * *

"Q. For instance, allowing an unlicensed person to operate a motor vehicle in 1967 do you remember that?

"A. No, I don't.

"Q. Improper mirror in 1968, negligent driving in 1968? Do you remember those?

"A. Were those on a motorcycle?

"Q. Do you remember those?

"A. If they are on a motorcycle, I do.

"Q. Disobeying a stop sign in 1968, excessive speed and improper equipment in 1968? Do you remember those?

"A. Yes.

"MR. OGDEN: If the Court please, I believe that I am going to have to object to these.

"THE COURT: Yes, I think you are getting a little bit out of bounds.

"MR. EDWARDS: Your Honor, I am impeaching his credibility.

"THE COURT: I know, but, Mr. Edwards, only misdemeanors or felonies, you can ask about them.

"MR. EDWARDS: These are misdemeanors.

"THE COURT: All right.

"Q. All right. How about again in 1968, for no driver's license and excessive—"
(Tr. 126, 127, 128)

As stated in *Hampshire v. City of Tulsa,* Okl.Cr., 503 P.2d 577, (1972), it is the general rule in Oklahoma that a conviction for violation of a municipal ordinance is not a crime and may not be used to impeach the credibility of the witness, unless the violation of a municipal ordinance constitutes an offense under the State law. The prosecutor in the instant case clearly brought out some traffic offenses to impeach the defendant's credibility which were not offenses under State law. However, we believe that the error is harmless due to the fact that the defendant admitted prior felony convictions in 1974 and 1975. See, *Young v. State,* Okl.Cr., 531 P.2d 1403 (1975). We do not see how the defendant could have been prejudiced by the mention of offenses such as improper mirror or improper equipment, when he had already admitted the commission of felonies, in the presence of the jury.

It is therefore our opinion that the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED.

BRETT, P. J., dissents.

BUSSEY, J., concurs.

## OPINION UPON REHEARING

BLISS, Judge:

Appellant, Asa Lee Mayes, was convicted in the Oklahoma County District Court, Case No. CRM–75–3458, for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902 and his regular appeal to this Court was affirmed by Opinion, *Mayes v. State,* (No. M–76–347, Nov. 23, 1976). The Appellant has perfected a timely Petition for Rehearing in this Court. We have granted the Petition for Rehearing.

The Petition for Rehearing is essentially predicated upon the ground, alleged for the first time in the instant appeal, that the defendant was prejudiced by the introduction of evidence at trial revealing his prior felony convictions. The contention is that these prior felony convictions were incurred when the defendant was a juvenile of the age of sixteen (16) years and, thus, the convictions are void because he was not afforded the safeguards and benefits of the Juvenile Code as a result of a statute which has been subsequently declared unconstitutional by the Court of Appeals for the 10th Circuit.

We find only that said prior felony convictions would not be void merely because the defendant was sixteen (16) years of age and was not afforded juvenile proceedings prior to prosecution and conviction. Such contrary contentions were laid to rest by this Court in *Dean v. Crisp,* Okl.Cr., 536 P.2d 961 (1975). However, we find the record of the instant case fails to establish that the defendant was sixteen (16) years of age, but would seemingly appear to establish that the defendant was twenty (20) years of age at the time he incurred his prior felony convictions in 1974 and 1975.

The only evidence that the defendant had any involvement with the law as a juvenile was initially elicited by defense counsel on direct examination of the defendant and further no specificity of this involvement was presented. Therefore, the defendant may not be heard to complain of one particular question of the prosecutor on cross-examination which elicited the same fact, that being the defendant had been in trouble when he was sixteen (16) or seventeen (17) years of age. Therefore, we find no error in the introduction of this particular evidence as such was initially introduced by the defendant. See *Battles v. State,* Okl.Cr., 513 P.2d 1314 (1973).

For the above and foregoing reasons the decisions as previously rendered in the above styled and numbered cause is, hereby, AFFIRMED and the Clerk of this Court is therefore directed to issue a Mandate FORTHWITH.

BUSSEY, P. J., concurs.

BRETT, J., dissents.