**Virgil Ray McFARTHING, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–79–63.

Court of Criminal Appeals of Oklahoma.

May 22, 1981.

Rehearing Denied July 7, 1981.

Robert A. Ravitz, Asst. Public Defender, Joel R. Hersh, Legal Intern, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Michael L. Bardrick, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Virgil Ray McFarthing has appealed his conviction in the District Court of Oklahoma County, Case No. CRF–78–70, of Robbery in the First Degree. The issues raised in his appeal relate to his insanity defense.

The basis of the conviction was the robbery of Raeyona Rogers on January 3, 1978. As she was leaving her car in a lighted parking lot at about 6:00 a. m., the appellant approached her and demanded her bag. She gave it to him, he struck her in the face and she ran. A passing motorist stopped and gave aid. He called the police on his radio and attempted to use his pickup to catch the robber, but he was unsuccessful.

The appellant did not deny committing the robbery, but he presented an extensive insanity defense. He established that he was in and out of Griffin Memorial Central State Hospital several times around the time of the robbery: he was admitted on October 18, 1977, and left without leave on November 1, 1977. He was readmitted on November 30, 1977, and again left without leave on December 19, although the hospital was on the verge of discharging him at that time. He was next admitted on March 15, 1978, and was discharged on April 6. Two state psychiatrists testified concerning the appellant's mental condition. They agreed that his problem was a recurring one and that he could be competent at some times and incompetent at others. The defense then presented the appellant's father and

the chief jailer from the Oklahoma County Jail, who described incidents of bizarre behavior by the appellant.

In rebuttal the State presented the arresting officers who testified that the appellant seemed lucid fifteen minutes after the robbery.

██ The first assignment of error is that the trial court should have granted the appellant's motion for a directed verdict because the State failed to prove the appellant's sanity beyond a reasonable doubt. The evidence indicated that the appellant's behavior varied greatly from one moment to the next, but the only moment that mattered for the purposes of the trial was when the crime was committed. The evidence of the appellant's behavior at home before the crime and in jail afterward is consistent with the doctors' diagnoses, but its value as probative of the appellant's condition at the time of the crime was for the jury to decide. Given the evidence that the appellant's problem tended to come and go and the testimony of the officers that the appellant appeared relatively normal shortly after the crime was committed, this Court rules that the trial court was correct in presenting the sanity issue to the jury for their determination. It was not error to overrule appellant's motion for a directed verdict.

██ In the second assignment of error the appellant complains of a line of questions asked by the prosecutor during cross-examination of one of the State's doctors. However, the alleged error has been raised for the first time in the brief on appeal. There was no objection during the trial and the issue was not mentioned in the motion for a new trial. Since the trial court was never given an opportunity to rule on the matter, it was not properly preserved for review.

The judgment of guilt and the sentence of fifteen (15) years in prison are AFFIRMED.

CORNISH, J., concurs.

BRETT, P. J., dissents.