Dionicio Aguirre
**VILLANUEVA, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–82–558.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1985.

Rehearing Denied March 15, 1985.

**4.** *Derryberry v. City of McAlester* et al., Okl.App., 54 OBJ 1593.

Johnnie O'Neal, Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

On appeal from his conviction of Manslaughter in the First Degree in the District Court of Tulsa County, Case No. CRF–81–3853, and sentence of seventy-five (75) years imprisonment, appellant, Dionicio Aguirre Villanueva, raises four assignments of error. We deem it unnecessary to set forth the facts of this case at length; suffice it to say that appellant does not deny his involvement in the shooting death of his common in law wife, Frances Villanueva. Rather, appellant claims the shooting resulted from three accidental discharges that occurred while he and the deceased were struggling over possession of a .25 caliber pistol.

In his first allegation of error, appellant asserts that a witness, Mr. Brashear, should not have been permitted to testify at the trial because he remained in the courtroom during the preliminary hearing after the Rule of Sequestration had been invoked. While it is true that, under the new Evidence Code, the Rule of Sequestration *must* be invoked when so requested, we do not agree with appellant's contention that the remedy for a violation of the rule is mandatory application of the exclusionary rule.

It has long been the rule in Oklahoma that "after the rule excluding witnesses from the courtroom during trial has been invoked, it is solely within the sound discretion of the trial court to grant exceptions." *Savage v. State*, 525 P.2d 1219, 1223 (Okl. Cr.1974); *Rogers v. State*, 583 P.2d 1104 (Okl.Cr.1978); *Mayes v. State*, 560 P.2d 574 (Okl.Cr.1977).

This rule is not affected by the adoption of the Evidence Code in Oklahoma. Additionally, under the Federal Rules of Evidence, 28 U.S.C.A., Rule 615, which is substantially identical to 12 O.S.1978, § 2615, it has been held not error to refuse to exclude testimony where the witness violated the rule. *U.S. v. Johnston*, 578 F.2d 1352 (10th Cir.1978), cert. den. 439 U.S. 931, 99 S.Ct. 321, 58 L.Ed.2d 325 (1978); *U.S. v. Gibson*, 675 F.2d 825 (6th Cir.1982) cert. den. 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982); *U.S. v. Oropeza*, 564 F.2d 316 (9th Cir.1977), cert. den. 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978).

In the case at bar, Mr. Brashear was not endorsed as a witness at the time of the preliminary hearing. He testified to a conversation that he and the appellant had in which no other witnesses were present. We find no abuse of the trial court's discretion in allowing this witness to testify. Consequently, this allegation of error is without merit.

In his second allegation of error, appellant complains that the trial court erred in permitting the prosecution to cross-examine the appellant about previous altercations between the appellant and the deceased. We find this type of evidence was relevant to the issue of malice aforethought. *Deason v. State*, 576 P.2d 778 (Okl.Cr.1978).

It is well recognized that where hostile emotions at a particular time are to be proved in a case, the existence of the same emotion in the same person at another time is proper evidence. The conduct, attitude and feeling of the accused and the deceased toward each other may be shown in a murder case to establish motive, malice or intent. Evidence of prior assaults by the defendant upon the deceased is admissible in such a case even though such evidence constitutes evidence of another crime. *Wadley v. State*, 553 P.2d 520 (Okl. Cr.1976). Accordingly, we find this allegation meritless.

In his third allegation of error, appellant complains the trial court erred in allowing the state to comment on appellant's exercise of his right to remain silent after he had been advised of his *Miranda* rights. The following testimony took place during the direct-examination of the arresting officer in the state's case in chief:

"Q  All right, sir. You did advise him of his rights there?

A  Yes ma'am, I did.

Q  Did he make any response to you at that time?

(Objection was then made and overruled).

A  No, ma'am, I don't believe he did."

The case at bar is nearly identical to the factual situation presented to us in *Dungan v. State*, 651 P.2d 1064 (Okl.Cr. 1982), wherein we found it reversible error to question the arresting officer about appellant's post-arrest silence subsequent to *Miranda* warnings, but that "[t]he determination as to whether the comment on the defendant's exercise of his right to remain silent rises to fundamental error depends on the particular facts and circumstances of each case." *Dungan v. State, supra* at 1065.

■ We find that while the state should not have been permitted to elicit this response, such error does not warrant reversal of the conviction in that there was not a reasonable possibility that the evidence complained of might have contributed to the conviction. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ In his final allegation of error, appellant contends that the trial court committed reversible error in allowing improper rebuttal testimony. At the outset, we would suggest that, in the future, the state may not rely solely on appellant's failure to object, since in the present case, the record clearly indicates the appellant did properly preserve the record.

■ Upon a careful reading of the record, we find no abuse of discretion in admitting the rebuttal testimony. *Schneider v. State,* 538 P.2d 1088 (Okl.Cr. 1975).

Accordingly, for the foregoing reasons, the judgment and sentence is **AFFIRMED.**

BRETT, J., concurs.

BUSSEY, J., concurs in results.