Argued and submitted October 30, 1985; on appeal, reversed and remanded for reconsideration; cross-appeal held moot January 29, reconsideration allowed by opinion June 4, 1986
See 79 Or App 560 (1986)

# NORTHWEST CLIMATE CONDITIONING ASSOCIATION et al,
*Appellants - Cross-Respondents,*

*v.*

# LOBDELL,
*Respondent,*

# NORTHWEST NATURAL GAS,
*Intervenor-Respondent - Cross-Appellant.*

(A8304-02546; CA A32010)

713 P2d 672

John W. Stephens, Portland, argued the cause for appellants - cross-respondents. With him on the briefs was Esler & Schneider, Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

George M. Galloway, and Stoel, Rives, Boley, Fraser & Wyse, Portland, filed the brief for intervenor-respondent - cross-appellant.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiffs filed a complaint in circuit court, seeking to set aside an order of the Public Utility Commissioner. ORS 756.580. They alleged that the Commissioner's findings are not supported by substantial evidence and that there is no rational relationship between the Commissioner's findings and his conclusions. The circuit court affirmed the order in part and reversed and remanded it in part. Plaintiffs appeal from the judgment and seek review of the Commissioner's order. ORS 756.610 and ORS 756.598. Defendant cross-appeals.

After being served with a complaint under ORS 756.580, the Commissioner is required to "transmit to the reviewing court the original or a certified copy of the entire record of the proceedings under review * * *." ORS 756.585. The parties may, by stipulation, agree to the transmittal of less than the full record. Here, the parties stipulated that a portion of the transcript of a related rulemaking hearing did not need to be transmitted. In our examination of the record, we have discovered that none of the 28 exhibits offered by the parties at the hearing on this matter before the Commissioner was transmitted to the circuit court. There is no stipulation for the exclusion of those exhibits.

The responsibility of the circuit court is to review the Commissioner's findings of fact and conclusions of law on the basis of the record made before the Commissioner. The court is not permitted to substitute its judgment for that of the Commissioner as to any finding of fact supported by substantial evidence. ORS 756.598. Without the complete record, the circuit court was not able to review the Commissioner's order properly. Our review would be similarly hampered.

On the appeal, reversed and remanded for reconsideration; the cross-appeal is moot.