**Terri SHIPP, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–15.**

Court of Criminal Appeals of Oklahoma.

Sept. 22, 1986.

Wesley Brown, McAlester, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Terri Shipp, was charged, tried and convicted in the District Court of Bryan County, Case No. CRF–84–66, for the offense of Manslaughter in the First Degree. Her punishment was set at a term of four (4) years imprisonment. We affirm.

I.

In her first assignment of error, the appellant asserts that the trial court erred in

overruling her demurrer to the evidence and her motion for a directed verdict. We disagree. "This Court has consistently held that the trial court should overrule a demurrer [to the evidence] when there is any competent evidence to support the allegations in the information." *Clayton v. State*, 695 P.2d 3, 5–6 (Okl.Cr.1984). *See also Renfro v. State*, 607 P.2d 703 (Okl.Cr. 1980).

■ In the instant case, there was competent evidence in the record which supports the allegations in the information. The facts pertaining to this issue are as follows: The appellant and her husband were attending a party in Caddo, Oklahoma, on March 9, 1984. The appellant and her husband began arguing in the hallway of the residence. Four witnesses observed the appellant retrieve a butcher knife from the kitchen and carry it into the hallway where the couple were fighting. The argument ceased and the appellant returned to the living room. Witnesses observed the appellant at this time with blood on her hands. She was also observed to be upset and crying. The appellant then left the residence, and witnesses thereafter observed her husband lying on the hallway floor. The appellant's husband was bleeding profusely and the witnesses were unable to find a pulse.

From the foregoing facts, there was sufficient evidence in the record to justify the trial court's overruling of the appellant's demurrer. Therefore, this assignment of error is without merit.

### II.

■ In her second assignment of error, the appellant contends that the trial court erred in delivering jury instructions regarding flight. We disagree. This Court has held that " 'flight' is a circumstance which the jury may consider in determining the guilt or innocence of the accused." *Farrar v. State*, 505 P.2d 1355, 1360–61 (Okl.Cr. 1973). The record indicates that the appellant exited the residence after the alleged stabbing occurred. Since there was evidence in the record which supports this instruction, the issue of flight was properly before the jury for consideration. Accordingly, this assignment of error is without merit.

### III.

■ In her third assignment of error, the appellant asserts that the trial court erred in refusing to grant a mistrial upon the conduct of a brother to a State's witness toward the appellant, when she was testifying. Apparently, a third individual, who was a friend of the decedent and a brother of a State's witness, made an obscene jesture and was disruptive as he removed himself from the courtroom. The appellant now claims that these actions intimidated and influenced the jury. However, the appellant has failed to cite any authority with this Court. This Court has consistently and repeatedly held that the failure to cite authority in support of the assignment or error is waiver of the assignment. *Cales v. State*, 648 P.2d 838 (Okl.Cr.1982). Furthermore, the appellant failed to make a showing of prejudice, which is necessary to warrant a reversal or modification of sentence on appeal. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1977). Accordingly, this assignment of error is also without merit.

### IV.

In her last assignment of error, the appellant asserts that the trial court erred in its admonition to the jury regarding its conduct during trial. During recess in the trial, the court admonished the jury that they should "not form or express any opinion as to the innocence or guilt of the defendant as the case has not been submitted to you for your deliberations." The appellant now asserts that this admonishment violates her presumption of innocence. This assignment of error is patently frivolous. Such an admonishment did not prejudice the appellant in any way, and simply advised the jury to keep an open mind until the case was submitted for deliberations. We therefore hold that this

assignment of error is wholly without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.