Ronnie Darrell McDADE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–241.

Court of Criminal Appeals of Oklahoma.

April 1, 1988.

Jack L. Freeman, Freeman, Buxton & Anderson, Edmond, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Ronnie Darrell McDade, was tried and convicted in the District Court of Pittsburg County for the crime of Robbery by Force and Fear After Former Conviction of Two or More Felonies in Case No. CRF-83-215 and was sentenced to twenty-five (25) years imprisonment, and he appeals.

Briefly stated the facts are that on May 13, 1983, at approximately 3:30 a.m., a masked man, carrying a tire tool, entered a grocery store in Canadian, Oklahoma and ordered the clerk to open the cash register and put the money in a paper sack. The robber then ordered the clerk to open some drawers and give him a bank bag full of coins and bills. There was approximately eighty-five dollars ($85.00) in the cash register and three hundred dollars ($300.00) in the bank bag. The clerk described the robber as wearing blue coveralls and being about six (6) feet tall and weighing 175–185 pounds.

Witnesses for the State testified that appellant said he had very little money the day before the robbery, but the day after the robbery appellant had a great deal of money in his billfold. Testimony further revealed that at approximately 3:00 a.m. on May 13, 1983, appellant was observed leaving the house where he was staying carrying something hidden in a towel. Additionally, several witnesses stated that appellant had a pair of blue coveralls. A tire iron

was also found at the house where appellant was staying.

■ For his first assignment of error, appellant asserts that the trial court committed reversible error in failing to comply with the jury polling statutes. Particularly, appellant complains that the trial court should have sent the jury out for further deliberation when one of the jurors, juror Barlow, disagreed with the verdict during polling.

The statute which controls the polling of juries is 22 O.S.1981, § 921, which provides:

When a verdict is rendered, and before it is recorded, the jury may be polled on the requirement of either party, in which case they must be severally asked whether it is their verdict, and if any one answer in the negative, the jury must be sent out for further deliberation.

Additionally, 22 O.S.1981, § 922 provides:

When the verdict is given, and is such as the court may receive, the clerk must immediately record it in full upon the minutes, and must read it to the jury and inquire of them whether it is their verdict. If any juror disagree, the fact must be entered upon the minutes, and jury again sent out; but if no disagreement is expressed, the verdict is complete, and jury must be discharged from the case.

In the instant case, during the polling of the jury, juror Barlow's initial response was one of uncertainty; however, after further inquiry she clearly stated that she concurred and agreed with the verdict.[1]

---

1. THE COURT: Ms. Barlow? [Is this your verdict?]
JUROR BARLOW: No, it wasn't.
THE COURT: Ma'am?
JUROR BARLOW: It wasn't.
THE COURT: That is not your verdict?
JUROR BARLOW: I went ahead and voted yes.
THE COURT: You wanted what?
JUROR BARLOW: I voted yes.
THE COURT: This is your verdict?
JUROR BARLOW: Yes.
THE COURT: That the defendant is guilty?
JUROR BARLOW: Yes.
    . . . .
MR. BLAND: At this time, your Honor, defense would move for a mistrial. I don't believe that Ms. Barlow believes beyond a reasonable doubt that the defendant Ronnie McDade is guilty. Her response to the question, "Is this your ver-

dict?" was, "No, it wasn't." She said, "I went ahead and voted guilty," and then she said, "I voted yes." That was her response.
THE COURT: Well, I was confused about exactly what she said.
MR. WHITTINGTON: Obviously there was a lot of deliberation and the jurors debated back and forth and some jurors deliberated before they changed their mind [sic].
THE COURT: Of course, they have a right to do that.
MR. WHITTINGTON: Precisely, and that is not grounds this was the initial position by the juror that changed.
THE COURT: The only question is whether she concurs in this verdict.
MR. WHITTINGTON: Yes, that's correct.
MR. BLAND: Her answer was no.

Since she unequivocally stated that the verdict was hers, the trial court properly overruled appellant's objection and motion for mistrial. This assignment is meritless.

Appellant next alleges that he was denied effective assistance of counsel. We have carefully reviewed appellant's assignments of counsel's ineffectiveness, and we are not persuaded that appellant overcame the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, in light of the strong evidence of guilt, we do not find that but for counsel's alleged errors a different result would have been obtained in the conviction or in the sentence. *Foster v. State*, 714 P.2d 1031, 1039 (Okl.Cr.1986). This assignment is groundless.

■ In his third assignment of error, appellant contends that there was insufficient evidence to sustain his conviction. When the sufficiency of the evidence is challenged on appeal, the relevant question is whether, after considering the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). In the present case, appellant was observed leaving the house where he was staying with something hidden under a towel at approximately the time of the robbery. The day before the robbery appellant stated that he had very little money; however, the day after the robbery he purchased ninety dollars ($90.00) worth of groceries, gave forty dollars ($40.00) to another person and was seen with a great deal of money in his wallet and rolls of coins in his car. Further, the physical description given by the store clerk was similar to that of appellant, and a tire iron similar to the one used in the robbery was discovered at the house where appellant was staying. While this evidence is entirely circumstantial, we are of the opinion that it excludes every reasonable hypothesis except guilt. *Fiorot v. State*, 641 P.2d 551 (Okl.Cr.1982). Consequently, this assignment lacks merit.

■ Appellant's fourth assignment of error is that the trial court abused its discretion in allowing the replay of witness Arie's taped testimony to the jury since this testimony was the deciding factor in the conviction. We first observe that when the taped testimony was played for the jury, appellant failed to interpose an objection; thus, this assignment was waived. *Mitchell v. State*, 549 P.2d 96 (Okl.Cr. 1976). Moreover, this is a matter which is committed to the sound discretion of the trial court. *Glaze v. State*, 565 P.2d 710 (Okl.Cr.1977). Finding no abuse of discretion, this assignment of error lacks merit.

■ Appellant finally urges that the trial court erred in allowing witness Jones, an Oklahoma State Bureau of Investigation detective, to observe and hear the testimony of the other witnesses after the rule of sequestration had been invoked. We disagree. It is well settled in Oklahoma that after the rule of sequestration is invoked it is within the sound discretion of the trial court to grant exceptions. *Villanueva v. State*, 695 P.2d 858 (Okl.Cr.1985). In *Johnson v. State*, 559 P.2d 466, 471 (Okl.Cr. 1977) this Court stated that:

> The court was advised that the purpose was to 'counsel with the prosecutor.' [Tr. 11] In *Baker v. State*, Okl.Cr., 306

THE COURT: I don't think her answer was no. It was confusing but I don't think she said no.
MR. BLAND: I Believe she said, "No, it isn't," and then—
(The following proceedings were had in the presence and hearing of the Court and Jury;)
THE COURT: Let me clear up something, Ms. Barlow. I asked you whether you concurred in this verdict, whether you agreed with this verdict.
JUROR BARLOW: I did not at first but we discussed it again and I voted yes.

THE COURT: You mean—what you're telling me now is early in the deliberation—
JUROR BARLOW: I had—yes, I had a doubt.
THE COURT: But you do concur and agree with the verdict at this time?
JUROR BARLOW: Yes, I do.
THE COURT: All right. The objection will be overruled.
(Tr. II, 47, 48–49).

P.2d 344 (1957), we stated in paragraphs 1 and 2 of the Syllabus:

'1. The exclusion of witnesses for the state, at defendant's request, is not an absolute right in all cases, but rests in the sound discretion of the trial court, and this includes the power to except one or more witnesses from the operation of the rule.

'2. It is proper practice to permit the prosecuting witness, or some officer active in the prosecution of the case, to remain in the courtroom to advise the prosecuting attorney as to the facts, interest, and character of witnesses, etc., though the state's witnesses generally are excluded.'

Therefore, we are of the opinion that the trial court did not abuse its discretion. Hence, this assignment is groundless.

The judgment and sentence are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.