**James Norvell JOHNSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–85–595.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1988.

David L. Miller, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Wellon B. Poé, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

James Norvell Johnson, appellant, was tried by jury and convicted of First Degree Murder [21 O.S.Supp.1982, § 701.7], in Case No. CRF–84–5639, in the District Court of Oklahoma County, the Honorable James B. Blevins, District Judge, presiding. The jury assessed punishment at life imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

Shortly after midnight on October 3, 1984, the victim, Frank Faulkner, purchased a bottle of gin and a bottle of wine at the Moonlight Cafe in Oklahoma City, at which time he flashed a large roll of bills. Later that morning, sometime between 3:30 a.m. and 5:00 a.m., the victim returned to the Moonlight Cafe, purchased another bottle of gin and another bottle of wine, and again displayed a large amount of money. Shortly thereafter, the barmaid saw the victim and two men, appellant and Wilbert Nubine, in a vacant lot behind the cafe. The barmaid testified that appellant and

Nubine pinned the victim's arms. Appellant repeatedly stabbed the victim in the neck, and Nubine stabbed the victim in the abdomen. When the police officers searched the victim for identification, his pockets were empty.

For his first three assignments of error, appellant asserts he was deprived of a fair trial because (1) the prosecutor introduced into evidence testimony of a witness which the trial court ordered suppressed in a motion in limine; (2) the trial court erred in overruling appellant's objection to the testimony; and (3) the trial court failed to *sua sponte* declare a mistrial when the prosecutor introduced the prohibited testimony.

The prosecutor filed a motion in limine seeking to introduce evidence at trial that Wilbert Nubine previously had robbed the victim, relying on our opinion in *Villanueva v. State*, 695 P.2d 858 (Okla.Crim. App.1985), *cert. denied*, 474 U.S. 901, 106 S.Ct. 226, 88 L.Ed.2d 226 (1985). In *Villanueva*, we found that evidence of previous contact between the victim and the accused may be introduced at trial in a murder case to establish motive, malice or intent, as this type of evidence is relevant to the issue of malice aforethought, even though such evidence constitutes evidence of another crime. *Id.* at 860. Here, the State presented no evidence that appellant participated in the earlier robbery; indeed, appellant was in prison at that time. Nor could the State introduce the earlier robbery to prove malice aforethought by Nubine, because the police had been unable to locate Nubine and he was not on trial. The prosecutor grossly misread our holding in *Villanueva*. The trial court properly denied the State's motion in limine and prohibited the prosecutor from introducing evidence that Nubine had earlier robbed the victim. In response to the State's motion in limine, appellant sought to exclude testimony that, on the morning of the homicide, the victim, shortly before his death, looked for Mr. Nubine. The record is unclear whether the court also prohibited the prosecutor from introducing evidence that the victim looked for Mr. Nubine.

During opening statement, the prosecutor started to tell the jury that witness Berry would testify that the victim looked for Nubine. Appellant objected. At a bench conference, counsel stated, "Believe we're getting into the statement concerning the victim and Nubine which we talked about in the office. I don't know that the Court made a ruling on that. If the Court had not, this would not be proper opening statement or proper place for his testimony." [Tr. at 26] The court instructed the prosecutor, "Mr. Keel, you be very careful about what you say about what Mr. ... Berry told you about Mr. Nubine because he's not here on trial." [Tr. at 28]

On direct examination, the prosecutor asked the witness:

Q. Did he [the victim] tell you the location of where he was going to?

A. He said he was going to 2nd Street.

Q. Okay, and did he tell you who he was looking for when he was going to 2nd Street?

A. He said he was going on 2nd to get Wilbert.

Q. And, what's the last name of the person who it was you said Wilbert?

A. Wilbert Nubine.

Q. Now, what was his mood at the time that he went down in the direction of 2nd Street?

[Defense]: Your Honor, objection.... [The] basis of the objection is he's asking what is Frank Faulkner's mood in relation to Wilbert Nubine. [Tr. at 90]

[Court]: He asked him what his mood was. He can explain, I think, to the best he recalls. I'm going to overrule your objection. [Tr. at 91]

.        .        .        .        .

Q. Mr. Berry, can you tell us what his mood was?

A. He was upset that morning.

Q. Was he upset when he was going to find Wilbert Nubine?

A. Yes, he was. [Tr. at 91]

A motion in limine is a pretrial motion requesting the court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to

the moving party that curative instructions cannot prevent the predispositional effect on the jury. The use of the motion is not specifically authorized by statute or procedural rule, but it has been recognized by Oklahoma case law. The court's right to grant the motion is inherent in its right to admit or exclude evidence at trial. It affords the opportunity to the court to rule on the admissibility of evidence in advance, and prevents encumbering the record with immaterial or prejudicial matter.

*Messler v. Simmons Gun Specialties, Inc.,* 687 P.2d 121, 127 (Okla.1984). *See also Tahdooahnippah v. State,* 610 P.2d 808, 810 (Okla.Crim.App.1980).

Rulings on the motion, however, occur before the point at which the evidence would be admitted or rejected. The motion is therefore preliminary and advisory in nature until the point of trial at which the evidence would have been admitted but for the motion in limine. Only at such time can the trial judge finally determine if the questioned evidence is admissible considering the facts and circumstances of the case before him. It is thus incumbent upon a party aggrieved by an order in limine to raise the issue at the appropriate time during the trial, either by objecting when the challenged evidence or testimony is admitted or by making an offer of proof of the excluded matter. Error is committed, if at all, when in the course of the trial the court rules on the matter.

*Middlebrook v. Imler, Tenny & Kugler, M.D.'s, Inc.,* 713 P.2d 572, 579 (Okla.1985) (citations omitted). *See also Davis v. State,* 665 P.2d 1186, 1197 (Okla.Crim.App. 1983), *cert. denied,* 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983); *Teegarden v. State,* 563 P.2d 660, 662 (Okla.Crim.App. 1977).

■  In the instant case, the court prohibited the prosecutor from introducing testimony regarding Nubine's previous robbery of the victim. We find no breach by the prosecutor of the court's ruling. The prosecutor did not introduce evidence of the earlier robbery. Moreover, even if the

court's original ruling could be stretched to prohibit introduction of any testimony by witness Berry about Mr. Nubine, it is within the trial court's discretion to amend or change its order as the evidence develops. *Hancock v. State,* 664 P.2d 1039, 1041 (Okla.Crim.App.1983). When the trial court reconsiders its ruling at the time the evidence is offered at trial, such ruling carries a presumption of correctness. *Blackburn v. State,* 314 So.2d 634, 640 (Fla.Dist.Ct.App.1975), *cert. denied,* 334 So.2d 603, (Fla.) *cert. denied,* 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 142, *reh. denied,* 429 U.S. 933, 97 S.Ct. 342, 50 L.Ed.2d 303 (1976). We find no error by the trial court in overruling appellant's objection, nor was the trial court required to declare a mistrial *sua sponte.* These assignments of error are without merit.

For his fourth assignment of error, appellant asserts the trial court erred by overruling his motion for a mistrial. Appellant called Brian Dale Newton, anticipating the witness would reveal a conversation he overheard while in jail in which Thomas Pendleton allegedly confessed to killing the victim. Mr. Newton, however, exercised his fifth amendment right not to incriminate himself and refused to repeat this alleged confession. Appellant then called a police detective to testify as to what Mr. Newton told him. Appellant made an offer of proof that the detective would testify "he had heard Thomas Pendleton admit to Brian Dale Newton that Mr. Pendleton had committed two homicides, one of them being down on 2nd Street." [Tr. at 302] The court overruled the offer of proof on hearsay grounds. Appellant then moved for a mistrial, which the court also overruled. Appellant does not cite any authority in support of his proposition of error. "This Court has consistently and repeatedly held that the failure to cite authority in support of the assignment of error is waiver of the assignment." *Shipp v. State,* 725 P.2d 1274, 1275 (Okla.Crim.App.1986). Moreover, appellant has failed to show prejudice by the Court's ruling which excluded the hearsay testimony. A showing of prejudice is necessary for reversal or modification of sentence on appeal. *Id.* This assignment of error is without merit.

 For his final assignment of error, appellant argues that the cumulative effect of error deprived him of a fair trial. Where there is no individual error, there can be no error by accumulation. *Horton v. State,* 724 P.2d 773, 776 (Okla.Crim.App. 1986). This assignment of error is without merit.

Accordingly, for the foregoing reasons, the appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BUSSEY, J., concurs.

BRETT, P.J., concurs in results.