James Warren LAMB, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-85-210.

Court of Criminal Appeals of Oklahoma.

Dec. 20, 1988.

Rehearing Denied Feb. 8, 1989.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, James Warren Lamb, was tried by a jury for the crimes of Murder in the First Degree in violation of 21 O.S. Supp.1982, § 701.7 (Count I), and Feloniously Pointing a Weapon in violation of 21 O.S.1981, § 1289.16 (Counts II and III)

in Case No. CRF–84–2108 in the District Court of Oklahoma County. The jury returned a verdict of guilty on all three counts and set punishment at life imprisonment for Count I, five (5) years' imprisonment for Count II, and ten (10) years' imprisonment for Count III. Appellant was sentenced accordingly. From this judgment and sentence, appellant appeals.

On April 26, 1984, after having spent the past few days away from her home, Oleta Lamb called her husband, James Lamb, to inform him that she was leaving him and that she was coming to their house to collect her clothes. That evening, John Campbell and Marie Brooks accompanied Ms. Lamb to her home. Once there, Mr. Campbell stayed in the car while Ms. Brooks and Ms. Lamb went into the house to get the clothes. The two women carried several sacks of clothes to the car. As Ms. Brooks came out of the house with the last sack of clothes, she saw appellant, who was holding a gun, come from a van parked in the driveway. He was heading toward Ms. Lamb who was picking up clothes that had fallen on the ground. Appellant then shot his wife in the back, the buttocks, and the head. Appellant then pointed the gun at Mr. Campbell, who sat in the car. Mr. Campbell heard the gun click, and he started to run. Ms. Brooks took appellant's two children, who had seen the shooting from the front porch, into the house, and the three of them hid in a closet. Appellant then went into the house, called the police and told them what he had done. When the police arrived at the residence, appellant was arrested. At his trial appellant pled insanity, claiming that at the time he killed his wife, he was suffering from Vietnam Delayed Stress Syndrome.

■ In his first assignment of error, appellant contends that the trial court committed reversible error by refusing to administer to the jury his requested instructions regarding the defense of voluntary intoxication. (O.R. 138–142) *See* OUJI–CR–732–736 (1981). Although 21 O.S.1981, § 153 states that voluntary intoxication is not a defense to a criminal act, it can

reduce first degree murder to first degree manslaughter if the intoxication rendered appellant incapable of forming the requisite intent for first degree murder. *Brogie v. State*, 695 P.2d 538, 546 (Okl.Cr.1985). However, in order to be entitled to an instruction on voluntary intoxication, appellant must introduce evidence sufficient to raise a reasonable doubt as to his ability to form the requisite criminal intent. *Norman v. State*, 648 P.2d 1243, 1244–45 (Okl. Cr.1982).

█ Our review of the record reveals that the only evidence of appellant's intoxication was the testimony of his mother and his psychiatrist: appellant told them that he had taken some drugs the day of the shooting. We find that this was not sufficient evidence of intoxication to warrant an instruction on voluntary intoxication. *See Starr v. State*, 602 P.2d 1046, 1048 (Okl.Cr. 1979). Accordingly, we will not reverse on this assignment of error.

█ Appellant asserts in his second assignment of error that the trial court erred in denying his request for an instruction on second degree murder. We disagree. The jury is to be instructed on every degree of homicide which the evidence in any reasonable view suggests. *Lee v. State*, 700 P.2d 1017, 1019 (Okl.Cr. 1985). To be convicted of murder in the second degree, 21 O.S.1981, § 701.8(1) requires that the jury find that appellant evinced a depraved mind in disregard for human life. We have held that this statute covers situations where there was no premeditated intent to kill any particular person. *Dennis v. State*, 561 P.2d 88, 94–95 (Okl.Cr.1977). The record reveals that on numerous occasions appellant had physically abused his wife and threatened to kill her. In fact, there was evidence that appellant had threatened to kill his wife on the night that she was actually murdered. Therefore, appellant's requested instructions on second degree murder were properly denied.

█ In his third assignment of error, appellant asserts that the trial court erred in failing to instruct the jury on misdemeanor/manslaughter pursuant to 21 O.S.

1981, § 711(1). However, counsel did not request at trial that this instruction be given. When an instruction on a lesser included offense is not requested by trial counsel, the issue on appeal is reviewed only for fundamental error. *Ballou v. State*, 694 P.2d 949, 952 (Okl.Cr.1985). Our review of the record uncovered no fundamental error, and we thus hold that the instructions given adequately informed the jury of the applicable law.

Appellant asserts in his fourth assignment of error that the trial court erred in admitting testimony in violation of the hearsay rule. Several witnesses were allowed to testify to the effect that the decedent had told them that appellant had previously committed battery on her and threatened her, and that she was afraid of him.

█ Although we agree that this testimony was hearsay, we find that it was admissible under an exception to the hearsay rule. Title 12 O.S.1981, § 2803(3) allows such hearsay into evidence because it shows the state of mind of the declarant. *Rawlings v. State*, 740 P.2d 153, 162 (Okl. Cr.1987). The relevance of testimony showing ill feeling, threats or similar conduct by one spouse toward another in a marital homicide case has been established by this Court. *Manning v. State*, 630 P.2d 327, 330 (Okl.Cr.1981). Therefore, the testimony showing the decedent's fear of appellant was relevant and was properly admitted under the state of mind exception to the hearsay rule. Appellant's fourth assignment of error is denied.

It is asserted in the fifth assignment of error that testimony concerning appellant's past threats and assaults upon the decedent was evidence of other crimes and thus improperly admitted. Although appellant concedes that he failed to make timely objection to the admission of this evidence at trial, he asserts that it rose to the level of fundamental error and is, therefore, a proper subject for our review. *Boyd v. State*, 743 P.2d 674, 676 (Okl.Cr.1987). Again, we disagree.

Evidence of previous altercations between an appellant and a deceased is relevant to establish motive, malice, or intent, "even though such evidence constitutes evidence of another crime." *Villanueva v. State*, 695 P.2d 858, 860 (Okl.Cr. 1985), *cert. denied*, 474 U.S. 901, 106 S.Ct. 226, 88 L.Ed.2d 226 (1985). *See also* 12 O.S.1981, § 2404(B). "It is well recognized that where hostile emotions at a particular time are to be proved in a case, the existence of the same emotion in the same person at another time is proper evidence." *Villanueva* at 860. Finding no fundamental error, we will not reverse on this assignment of error.

In his sixth assignment of error appellant contends that the prosecutor misstated facts in his closing argument by claiming that the defense psychiatrist believed that appellant knew right from wrong at the time that he killed his wife. However, this statement was not objected to at trial. Failure to make timely objection to improper comments of the prosecutor waives all but fundamental error. *McLeod v. State*, 725 P.2d 877, 881 (Okl.Cr. 1986). Our review of the record reveals that the prosecutor's statement in closing argument was a reasonable inference arising from the evidence, and did not constitute fundamental error as required for reversal.

Appellant asserts in his seventh assignment of error that the prosecutor committed error by eliciting testimony regarding appellant's post-arrest silence. Although appellant failed to object to this testimony at trial, the issue may be reviewed for fundamental error. *Boomershine v. State*, 634 P.2d 1318, 1319 (Okl.Cr. 1981). As a general rule, a prosecutor may not comment on a defendant's exercise of the right to remain silent. However, where a defendant waives his right to remain silent, this rule does not come into play. *Black v. State*, 663 P.2d 22 (Okl.Cr. 1983); *Costilla v. State*, 609 P.2d 788, 790 (Okl.Cr.1980). In the present case, appellant waived his right to remain silent and began to talk to the police officers. We do not find that appellant was prejudiced by the testimony and accordingly, do not find fundamental error.

In his eighth assignment of error, appellant contends that the trial court committed error by admitting into evidence photographs of the victim taken after the shooting. Photographs are admissible if they are relevant and if their probative value is not outweighed by their prejudicial impact. *Young v. State*, 701 P.2d 415, 417 (Okl.Cr.1985). Further, the admissibility of photographs is a decision which rests within the discretion of the trial court and is reversible only upon a showing of abuse of that discretion. *Id.*

In this case, the black and white photographs of the victim that were admitted into evidence accurately depicted the crime scene and also corroborated the testimony of the medical examiner. We do not find the pictures to be particularly gruesome and accordingly, do not find that the trial court abused its discretion in allowing the pictures into evidence. *See Glass v. State*, 701 P.2d 765 (Okl.Cr.1985). Therefore, we will not reverse on this assignment of error.

Appellant asserts in his final proposition of error that his conviction should be reversed because the State presented insufficient evidence to convince a rational trier of fact that appellant was sane beyond a reasonable doubt at the time that the shooting took place. If any evidence of insanity is raised, the judge must instruct the jury on the defense of insanity. However, the presumption of sanity prevails unless the jury finds that the defendant has presented evidence sufficient to raise a reasonable doubt as to his sanity at the time of the offense. *Brewer v. State*, 718 P.2d 354, 361 (Okl.Cr.1986). Further, whether evidence of appellant's behavior before the crime and after the crime is probative of appellant's condition at the time of the crime is for the jury to decide. *McFarthing v. State*, 630 P.2d 324, 325 (Okl.Cr.1981).

This Court will not interfere with the jury's verdict on grounds of insuf-

ficiency if there is competent evidence in the record to support the verdict. *See Ballou,* 694 P.2d at 951. Because the record clearly reveals that there was competent evidence from which the jury could have found that appellant was sane, we will not reverse on this assignment of error.

In light of the foregoing discussion, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.